## STARR *vs.* THE STATE.

1.   An indictment (under the Code) for trading with a slave, is fatally defective, when the slave is described as "a slave, the property of Benajah S. Bibb, whose name is to the jury unknown."

FROM the Circuit Court of Montgomery.

Tried before the Hon. ROBERT DOUGHERTY.

DANIEL STARR was indicted for trading with "a slave, the property of Benajah S. Bibb, whose name is to the jury un-

known." He pleaded not guilty to the indictment, but was found guilty by the verdict of the jury, and fined $200. The questions of law reserved for the consideration of this court, appear from a bill of except ons which was taken on the trial, and arise upon the charges which the court gave and refused.

ELMORE & YANCEY, for the plaintiff in error :

Each count in the indictment is defective, in not naming, or in some other way describing, the slave with whom the defendant was guilty of trading, so as to notify him with what slave he was accused with trading (Francois v. The State, 20 Ala. 83), or to enable him, on a subsequent indictment for the same offence, to plead a former conviction or acquittal.—Murphy v. The State, 24 Miss. 590. The only difference between this case and that of Francois v. The State, supra, is, that there the name of the owner was not alleged. This fact, however, did not affect the decision, as the allegation was omitted under the act of February 7, 1850. The allegation of the owner's name is no description of the slave. The owner may have hundreds of slaves : and the defendant may have written permission to trade with some of them, and verbal permission to trade with others. The owner may have several plantations with a different overseer on each ; and these overseers are authorized to grant permits to trade with the slaves. Which one of these overseers shall the defendant summon? The slave may have been hired out by the owner. The allegation of the owner's name gives the defendant no clue by which to ascertain whether he must summon the owner, or the hirer.

P. T. SAYRE. for the Attorney General, contra :

No question was made in the court below of the sufficiency of the indictment, and none is reserved upon the record : there was no demurrer, and no motion in arrest of judgment. This court can only consider the questions reserved : if the defendant wished to present any other questions than those reserved by bill of exceptions, he ought to have applied for a writ of error.

But the indictment is good. The allegation of the owner's name is a sufficient description of the slave. The slave's name is not an essential ingredient in the offence : it is only

necessary that the description should be sufficient to advise
the defendant of the offence with which he is charged, and to
enable him to defend it.   The Code (§ 3513) authorizes the
allegation that the slave's name " is to the jury unknown,"
and it could be done, also, by the common law.—Francois v.
The State, 20 Ala. 83.

LIGON, J.—The charge in each count in this indictment
describes the slave with whom the defendant is averred to
have traded, and from whom he received the commodity men-
tioned in the indictment, as " a slave the property of Benajah
S. Bibb, whose name is to the jury unknown."

This description is too general to require the defendant to
be put to his answer of the charge.   Benajah S. Bibb may be
the owner of many slaves ; and it would be impossible for the
defendant, under a charge so general, to prepare his defence
safely and effectively.   He may have authority from the
master or overseer of the slaves of Mr. Bibb to purchase from
some of them the commodity mentioned in this indictment,
and this authority may be verbal, for the law authorizes it to
be given in that form.   The dealing may have been with one
of these ; and if the defendant were advised with which of
Bibb's slaves he was accused of trading, he might be able to
show that he did so under full authority, previously obtained,
for that purpose.

Again ; we cannot well see how this defendant could defend
himself against a second charge for the same offence.   No
*day* is required to be laid in the indictment ; the name of the
master does not ascertain the slave ; and without something
more definite than what is found in this record, we can see no
reason why the defendant could not be again convicted of the
same offence, and thus be twice punished for the same crime.

In the case of Francois v. The State, 20 Ala. 83, we held
the indictment to be bad for uncertainty.   The charge there
was, selling " to a slave whose name is to the jurors unknown."
In Brown v. The Mayor and Aldermen of Mobile, 23 Ala.
722, the proceeding was to recover a fine under an ordinance
of the city of Mobile against trading with slaves, the terms
of which are similar to our statute.   The statement filed did
not contain the name of the slave, or of his owner ; both

were in blank. We held the statement bad for uncertainty.

In the former of these cases, it is said, "We would not, however, be understood as deciding, that it was absolutely necessary to describe the slave, in indictments for this species of offence, by his name. This is but one mode of description; and any other, which would afford to the defendant information as to the *particular slave* to which the charge referred, we are inclined to think *would be sufficient*." That there may be cases, in which the requisite certainty may be attained *without naming the slave*, we admit; for instance, if the owner's or employer's name is given, and it be averred that the slave is the only one in his possession; or that the slave is employed in a particular service, and he is the only one so employed by him; in either of these cases, we are inclined to think the indictment would be good. But unless certainty is approached by some such averment, the defendant should never be put to his defence."

Let the judgment be reversed, and the cause remanded; and the defendant remain in custody until discharged by due course of law.