## AGEE vs. THE STATE.

1. An indictment under the act of February 12, 1850 (Pamph. Acts 1849—50, p. 49), which charges that the defendant sold spirituous liquor to a slave, "without the consent of the master, overseer, *or agent of such slave*," is fatally defective.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. THOMAS A. WALKER.

WM. M. BROOKS, for the appellant.
M. A. BALDWIN, Attorney General, *contra.*

GOLDTHWAITE, J.—This was an indictment found in the spring of 1852, under the section of the act of 12th of February, 1850 (Acts 1849—50, p. 49), which is in these words: "That it shall not be lawful for any licensed retailer,

or other person, to sell to any slave any spirituous or other liquors whatever, except such spirituous liquor be for the use of the owner, overseer or agent, and be so expressed to be in a written permission, specifying the quantity, previously given to such slave." The statute is awkwardly drawn, but it is clear enough, that under this section the material allegation is, the selling liquor to a slave without the written permission of the owner, overseer, or agent of the owner of such slave, expressing that it is for the use of such owner, overseer, or agent, and specifying the quantity of liquor to be sold. In indictments upon statutes, the rule is, that the circumstances which constitute the definition of the offence in the act, must be so stated as to bring the defendant precisely within it.—1 Chit. Cr. Law, 282. The charge in the present case is, the selling of liquor to a slave, &c., "without the written consent of the master, overseer, or agent *of such* slave, expressing," &c. Now as a slave cannot have an agent, unless the expression "agent of said slave" means agent of the owner, it means nothing. But, in indictments, we are not at liberty to resort to intendments; certainty to a *certain intent in general* is required (1 Chit. Pl. 214); and the statement of the offence must, of itself, bring the case within the statute. If the defendant has a right to sell to a slave with the consent of the agent of the owner given in the mode, and according to the terms of the statute, the indictment, to be good, must negative the fact of such consent, which it does not do in the present case, with that degree of certainty which is required by the rules of criminal law in force before the adoption of the Code.

Judgment reversed, and cause remanded.