## PARMER vs. THE STATE.

[INDICTMENT FOR GRAND LARCENY.]

1. *Severance of trial discretionary.*—The allowance of a severance, in a criminal case, is a matter of discretion with the primary court, (Penal Code, § 638; Revised Code, § 4190,) and its refusal is not error.

2. *Ownership of stolen property; variance.*—When the ownership of the stolen property is laid in three persons as executors, a conviction can not be had on proof that the ownership was in two of them only.

Parmer v. The State.

3. *Organization of grand jury shown by record.*—In a criminal case, the record must affirmatively show the organization of the grand jury; and an endorsement on an indictment, which purports to be signed by the foreman of the grand jury, is not sufficient proof of that fact.

FROM the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE indictment in this case, which was found at the October term, 1866, charged that, before the finding thereof, "to-wit, since the first day of June, 1866, Hansford, *alias* Hansford D. Grant, Aaron, *alias* Aaron Parmer, and Brooks, whose name otherwise is to the grand jury unknown, feloniously stole, took, and carried away twenty-five cows, twenty-five steers, and twenty-five yearlings, of the value of more than one hundred dollars, the property of Britton C. Tarver, Alexander C. McWhorter, executors, and Ellen C. McWhorter, executrix of Benjamin Tarver, deceased; against the peace," &c. On the trial, as the bill of exceptions shows, the defendant Parmer moved the court to allow a severance of his trial; "which motion the court overruled, and put said defendant on his trial with said Hansford D. Grant; to which ruling of the court said defendant excepted."

"The State proved, that the property alleged to have been stolen disappeared from the plantation of Britton C. Tarver, twelve miles from Montgomery, and was on the next day in the possession of the defendant, and was sold by him, on that day, in the city of Montgomery; and that the defendant, at the time he offered the property for sale, exhibited to the purchaser a written authority to sell them, which, it was admitted, was given to him by one Brooks, who was one of the parties charged in the indictment; and it was shown that said Brooks had fled from the trial, and had been in the possession of the property on the morning of the day it was sold by the defendant. The State offered to prove that the property alleged to have been stolen belonged to Britton C. Tarver and Alexander McWhorter, executors of Benjamin Tarver, deceased; to the introduction of which testimony the defendant objected, because it did not show the ownership of the property as charged in

the indictment. The court overruled the objection, and allowed the testimony to go to the jury; to which ruling, and to the admission of the testimony, the defendant excepted.

"This was all the testimony applicable to the questions of law presented by this bill of exceptions; and the defendant thereupon requested the court to instruct the jury, that if they should find, from the testimony, that the property alleged to have been stolen by the defendant did not belong to the persons charged in the indictment, they must find the defendant not guilty. The court refused this charge, and instructed the jury, that if they should find, from the evidence, that the property belonged to Britton [C. Tarver] and Alexander McWhorter, executors, as shown by the testimony, they should find the defendant guilty to which charge, and also to the refusal of the charge; asked, the defendant excepted."

No counsel appeared in this court for the prisoner.
JOHN W. A. SANFORD, Attorney-General, for the State.

BYRD, J.—1. The court did not err in refusing to allow one of the defendants to sever in his trial.—*Hawkins v. The State*, 9 Ala. 137; Penal Code, § 638; Revised Code, § 4190.

2. If the ownership, in an indictment for larceny, is laid in a person by name, and it is proved that the property belongs to an estate, of which that person is executor or administrator, the proof will be sufficient to sustain the indictment.—2 Bishop's Crim. Procedure, § 686. If the ownership is laid in several persons, as joint owners, it is not sufficient to prove that it is in a less number than charged.—2 *ib.* 707. In this case, the ownership is laid in three persons, Tarver and McWhorter, executors, and Ellen McWhorter, executrix, of Benjamin Tarver, deceased. The evidence shows that the property belonged to the two persons, Tarver and McWhorter, executors of Benjamin Tarver, deceased. The court charged "the jury, if they should find the property belonged to Britton [C. Tarver] and Al-

exander McWhorter, executors, as shown by the testimony, they should find the defendant guilty."

Without deciding whether the ownership, as charged in this indictment, should be held to be laid in the persons named as individuals, or *as* executors of Benjamin Tarver, deceased, we are satisfied that the charge given by the court is erroneous. The Code provides, that ownership may be laid in one of several joint owners; but it does not authorize it to be laid in the name of any number of persons, and a conviction on proof of ownership in any one of them, or in a less number than the whole.

3. There is no evidence of the empanelling of the grand jury, other than the endorsement of the indictment, "A true bill, J. R. Dillard, foreman of the grand jury"; which is not sufficient.

It results, that the judgment of the court must be reversed; and the prisoner will remain in custody of the sheriff, until discharged by law.