# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1884.

## Hill *v.* The State.

*Indictment for Grand Larceny, and Sale or Removal of Mortgaged Property.*

1. *Sale or removal of property under lien; averment of owner's name.* In an indictment for the sale or removal of property on which a lien created by law exists (Code, § 4353), the name of the person who holds the lien must be stated, and it is not sufficient to state that his name is to the grand jury unknown.

2. *Larceny; what not sufficient facts to show.*—The only proof of the larceny charged being the testimony of a witness who stated that, during the night, the cotton was brought to the defendant's house by one P., and that the defendant started to market with it in his wagon early the next morning; there is nothing in these facts, standing alone, to constitute larceny by the defendant, at least until he loaded the cotton to carry it off, and not then, unless the cotton had been previously stolen through his procurement or participation.

3. *Declarations of third person; admissibility as evidence.*—Said P. being present when the cotton was loaded and carried off by the defendant, under these circumstances, any statement or declaration made by him at the time was relevant and competent evidence for the defendant, as tending to show whether his asportation was criminal or not.

4. *Costs; sentence to hard labor for.*—It is sufficient that the judgment is "that said defendant perform hard labor for the county for —— days, at 33 cents a day, to pay and satisfy the costs of this prosecution, but not to exceed eight months;" but it would greatly tend to prevent abuse, if the judgment was made to express the amount of the costs, and the number of days the defendant is required to serve.

5. *Same; fees of witnesses.*—The pay of the defendant's own witnesses can not be computed as a part of the costs, for which additional hard labor may be imposed.

APPEAL from Greene Circuit Court.

Tried before the Hon. S. H. SPROTT.

The appellant, Peter Hill, was tried and convicted on an indictment containing four counts, the first of which charged,

1

[Hill v. The State.]

that the defendant feloniously took and carried away one thousand pounds of seed-cotton, the property of David Williams. The second count is identical with the first, except that the cotton was alleged to be the "property of some person to the grand jurors unknown." The third count charged the defendant with selling or removing cotton upon which David Williams had a lawful and valid claim, with intent to hinder, delay or defraud said Williams, and with the knowledge of the existence of the claim. The fourth count is identical with the third, except that "some persons to the grand jurors unknown" are charged to have had a valid claim or lien upon the cotton.

On the trial, the State introduced one Dennis Williams as a witness, who testified, that he was present on D. H. Williams' place, one morning about daylight in the fall of 1879, and saw defendant and one Jones, who lived there, leave that place, for Vienna as they said, with a wagon containing two or three hundred pounds of seed-cotton, and that they returned that evening without the cotton. On cross-examination this witness was asked, if, at the time and place when defendant and Jones left the Williams place with said wagon and cotton, Lorenzo Posey, who lived on an adjoining plantation, was not there present, and if he did not hear Lorenzo, then and there, tell defendant and Jones to sell the cotton in Vienna, and bring him back some meat, nails and whiskey? The State objected to this question; the court sustained the objection, and the defendant excepted. The witness further testified, that on the evening previous to the day testified to above, Lorenzo Posey brought over to the Williams place a basket of cotton containing about one hundred pounds, and a sack of seed-cotton; and that defendant and Jones, when they returned from Vienna on the evening of the same day they left, brought with them some meat, nails and whiskey, and left them at witness' house for Lorenzo, and that his wife came next morning and got the articles.

The jury found the defendant guilty as charged in the second count of the indictment, and imposed a fine of one cent. The judgment-entry recites the verdict of the jury, a sentence to hard labor for the fine, and continues as follows: "It is further considered, that said defendant perform additional hard labor for the county, for —— days, at thirty-three and one-third cents per day, to pay and satisfy the costs of this prosecution, but not to exceed eight months."

The refusal to admit the testimony of Dennis Williams, and the judgment of hard labor for the costs, are now assigned as error.

[Hill v. The State.]

J. B. HEAD, for appellant.—(1.) The sentence of the court for the payment of costs is uncertain and indefinite. The policy of our institutions dictates that the citizen shall not be deprived of his liberty, but in pursuance of a judgment of a court clearly and definitely ascertaining the character and extent of the punishment to be inflicted; and that is no judgment which leaves to a mere ministerial officer, by an *ex parte* clerical process, to ascertain its extent. (2.) The testimony as to the directions of Posey to defendant and Jones, when they were about to start with the cotton, was clearly admissible. It was part of the *res gestæ;* it occurred at the very *time* and *place* that the cotton was taken away; it tended to shed light on the intent of the parties who took it away, and this intention was one of the very points in issue. In *Sternau v. Marx,* 58 Ala. 608, it is said: "Where the intention of the party is material, it must be collected from the act done, in connection with the surrounding circumstances, and accompanying declarations. It is an inference to be drawn by the jury, and not a fact to which a witness may testify." As to what constitutes *res gestæ,* see 1 Brickell's Digest, p. 843, §§ 553 *et seq.,* especially § 561.

T. N. McCLELLAN, Attorney-General, *contra.*—(1.) The judgment-entry, as to the additional hard labor for costs, is sufficiently definite and certain.—*Hall v. State,* 53 Ala. 463; *McIntosh v. State,* 52 Ala. 353; *Walker v. State,* 58 Ala. 393. (2.) Evidence of the declarations of Lorenzo Posey was properly excluded. These declarations were not a part of the *res gestæ.* They were made at a time when clearly the crime charged, whether larceny, or criminal removal of property, was complete. It is manifest that both the caption and accessory *asportavit* of the property, to constitute larceny, or the removal necessary in the other offense charged, had taken place *before* these declarations are alleged to have been made. *The property* had been already taken from the possession of the owner, and out of the place where he kept it, and put into a wagon, and was in the act of being transported to Vienna. It is true that what the defendant said, even then, going to account for his possession, would be competent evidence; but it is not conceived how the declarations of another could be received for that purpose, that other not being in possession.

STONE, C. J.—The indictment in this case contains four counts. The first count charges the larceny of seed-cotton, the property of David Williams. The second count is identical with the first, with the exception that it charges the cotton to be the "property of some person to the grand jurors unknown."

The third count charges a fraudulent sale or removal of cotton, on which there was a lien 'created by law, in favor of David Williams. The fourth count is defective. It is impossible to ascertain there is a lien on property, without knowing or ascertaining that there is a person, natural or artificial, in whose favor it exists. The jury found that the defendant was guilty under the second count in the indictment. In other words, the jury did not ascertain whose cotton was stolen; or, at least, did not find that it was the property of David Williams. Dennis Williams appears to have been the most important witness for the prosecution. In his testimony alone are we informed that the defendant, with another, carried the cotton away. Exclude his testimony, and, from any thing shown in the bill of exceptions, there is no proof either of the taking or carrying away. Unless his testimony was believed, it is difficult to conjecture on what testimony the accused was convicted; and if his testimony was entirely believed, defendant, in carrying off the cotton, if not a co-conspirator with Lorenzo Posey, would appear to have been his agent to carry the cotton to market and sell it. This witness testified that, during the night, Posey brought the cotton to the house of Hill, the accused, and that very early the next morning, when Hill started to market with the cotton in his wagon, Posey was present. Now, as we have said, if this be true, there was nothing in these mere facts to constitute larceny by Hill, at least until he loaded the cotton to carry it off; and not then, unless the cotton had been previously stolen through his procurement or participation. It results that, on this theory, the proof of taking and asportation by Hill consisted in the testimony of Dennis, that the cotton was placed in the wagon and carried off. And, as part and parcel of his narration, the alleged presence and conduct of Posey were important factors; and any words uttered, or directions given by him, if believed to have been uttered or given, were verbal acts, entitled to be weighed and considered, in determining whether or not the alleged asportation by Hill was criminal. They were *res gestæ* of the main fact testified to by this witness—the asportation, alleged to be larcenous.—*Henderson v. The State*, 70 Ala. 23; *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112.

We are not pronouncing on the weight of the testimony, nor on the guilt of the accused. Even if Posey brought the cotton to Hill, and gave directions for its sale, this is but testimony, and not conclusive of the latter's innocence. It is conclusive, that if the cotton was stolen, it had been stolen before that time; and to justify Hill's conviction, there should be other testimony that he did the act, procured it to be done, or counseled or aided in its perpetration. Less than this would

[Harrison v. The State.]

not make him guilty of larceny—the offense charged against him, and of which he was convicted. What Dennis testified Posey said the morning the cotton was carried off, should have been allowed to go to the jury for what it was worth.

The judgment of the court was, "that said defendant perform additional hard labor for the county for —— days, at 33⅓ cents per day, to pay and satisfy the costs of this prosecution, but not to exceed eight months." We have several times held this to be sufficient. It would, however, greatly tend to prevent abuse, if the judgment were made to express the amount of the costs, and the number of days the defendant is required to serve. All connected with the case, or interested in the punishment, would then understand and know when the term would expire. Of course, the pay of the defendant's own witnesses must not be computed as costs, for the payment of which additional hard labor may be imposed. *McIntosh v. The State*, 52 Ala. 355; *Walker v. The State*, 58 Ala. 393.

Reversed and remanded. The defendant to remain in custody, until discharged by due course of law.