# Armstrong *v.* State.

*Indictment for Abusive, Insulting, or Obscene Language,
in or near Dwelling-House, or in presence of Women.*

1. *Charge on weight of evidence, as affected by number of witnesses.*
A charge asked in a criminal case, based on a comparison of the num-
ber of witnesses on each side, is argumentative, misleading, artificial
and complicated, and is properly refused; as, where it asserts the right
to an acquittal, because there are two witnesses on each side, and they
are of equal credibility.

2. *Sentence to hard labor for costs.*—When the fine and costs in a
criminal case are not presently paid, nor a judgment confessed for the
same (Code, § 4731; Sess. Acts 1880-81, p. 37), the judgment and the
sentence of the court should specify either the length of the additional
term of hard labor for the costs, or the rate *per diem;* and if it is only
for "such additional term as may be necessary to pay the court costs
and officers' fees, not to exceed eight months," it will be reversed on
appeal, in order that it may be corrected in the court below, leaving
the verdict to stand.

FROM the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

The indictment in this case charged that the defendant
used abusive, insulting, or obscene language, near the dwell-
ing-house of Freeman McNeill, in the presence and hearing
of the female members of his family. Being tried on issue
joined on the plea of not guilty, he was found guilty by
the jury, who assessed a fine ot twenty-five dollars against
him, and also imposed thirty days hard labor for the county;
and thereupon the court rendered judgment as follows:
"The defendant failing to pay said fine and the costs of this
prosecution presently, or to confess judgment for the same
with good and sufficient sureties, it is therefore considered
by the court, that he perform hard labor for the county, for
the full period of twenty days, in lieu of the fine, and thirty
days hard labor for the county, by the verdict of the jury,
and for such additional term as may be necessary to pay
court costs and officers' fees, not to exceed eight months."

On the trial, as the bill of exceptions states, the prosecu-

4

tor (Freeman McNeill) and his wife each testified, in sub-
stance, that the defendant came to their house one night,
after midnight, aroused them by calling at the gate, and
used abusive and obscene language in the hearing of the
woman, who had gone to the door in response to his call.
The defendant, testifying in his own behalf, denied that he
had gone to their house at all, and stated that, on coming
home late at night when the railroad train arrived, he at
once went to bed, and slept all night; and William Nelson
and Sylvester Nelson, brothers of his wife, who lived in the
same house, corroborated his testimony in this particular;
while William Nelson further testified that, on the night
mentioned, he went to said McNeill's house, and tried to call
him out, having heard of some quarrel or trouble during the
day between his mother and said McNeill. On this evidence,
the defendant requested the court, in writing, to charge the
jury as follows: "If the jury find that there is evidence by
two witnesses to the fact that the defendant used the lan-
guage at the time and place alleged, and that there is evi-
dence by two other witnesses, of equal weight and credit,
that he was not present at said time and place, and did not
use the language as alleged; then the State has failed to
make out the case, and the defendant should be acquitted."
The court refused this charge, and the defendant excepted to
its refusal.

J. M. DAVISON, for appellant.

THOS. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The charge asked by the defendant was
properly refused. It sought to obtain the verdict of the
jury, based on a comparison of the number of witnesses on
the opposing sides, and the weight of their testimony re-
spectively. Such rule would be eminently artificial and com-
plicated, is at most an argument, and its tendency would be
to mislead. We have uniformly ruled that such charge
is improper, and should not be given.—*Ala. Fertilizer Co.
v. Reynolds*, 79 Ala. 497, and authorities cited.

In the judgment-entry the Circuit Court committed an
error. The fine and costs not being presently paid, and no
judgment confessed for the same, the court rightly sentenced
the defendant to twenty days hard labor for the county, for
non-payment of the fine. In reference to the costs the judg-

[Gady v. The State.]

ment is in the following terms: "And for such additional term as may be necessary to pay court costs and officers' fees, not to exceed eight months." The statute—Code of 1876, section 4731—fixed the rate at which such services should be performed, at "not exceeding forty cents *per diem.*" The act of February 26, 1881, changed the rule, fixing it at not less than thirty cents per day, and in cases of misdemeanor, not to exceed eight months.—Sess. Acts, 37. The present judgment neither fixes the rate, nor the length of time the defendant was to labor, except that the term should not extend beyond eight months. It was necessary for the court to declare by its judgment the length of time the defendant was to serve, or to declare the rate *per diem.—Walker v. State,* 58 Ala. 393; *Croom v. State,* 71 Ala. 14; *Hill v. State,* 78 Ala. 1.

The present judgment must be reversed. The reversal, however, extends no farther than the judgment. The verdict of guilty must stand.

Reversed and remanded, that the Circuit Court may enter the proper judgment in reference to the costs.