# Hawthorn *v.* The State.

*Prosecution for allowing Stock to run at large in Stock District.*

1. *Stock laws; notice of election; sufficiency of publication thereof.* Where an act providing for the establishment of stock districts in a county provides, that upon the filing of a petition by a certain number of freeholders who are householders in any precinct in a county with the probate judge, asking for an election to decide whether stock shall be prohibited from running at large therein, "the probate judge shall order an election in such beat at the usual voting place, which said order shall be published twice in a newspaper published in said county, and shall notify the public that the election shall be held in said beat not less than twenty nor more than thirty days from such publication, specifying the day of election," &c., the time limit in the statute for the holding of the election refers to the first publication; and an election held more than twenty days and within thirty days after the first publication, but within less than twenty days after the second is valid.

2. *Same; managers of election; directory provisions of statute.*—The

[Hawthorn v. The State.]

provision of the statute providing for the establishment of stock districts, which requires that of the two managers appointed for the holding of the election looking to the passage of the stock law within the prescribed district, one should be for and one against such law, is merely directory and not mandatory; and it is not necessary that the order for the election required by the statute should show that one of the managers was for and the other was against such law.

3.  *Same; liability of citizen of another county.*—A citizen of one county is not exempt from punishment for violating the stock laws in existence in another county; and can be prosecuted for such violation in the county where the stock laws had been established:

APPEAL from the County Court of Tallapoosa.

Tried before the Hon. R. A. J. CUMBEE.

The appellant was tried and convicted for allowing his stock to run at large in a prohibited district.   Upon the cause being called for trial, the defendant filed a plea to the jurisdiction of the court, which was verified by his affidavit..   In this plea he set up that he was a resident of Clay county, State of Alabama, and that he was such resident at the time and before the prosecution began.' Upon motion of the solicitor, this plea was stricken from the file, and to this ruling the defendant duly excepted.

The evidence showed that the defendant was a resident of Clay county, living about 200 yards from the line between Clay and Tallapoosa counties; that he owned stock, and that they ran upon the lands of one Mrs. A. J. Smith, in Tallapoosa county, and did damage to her growing crop; that the defendant was notified of such trespasses, but refused to keep his stock up.   There was also introduced in evidence the proceedings which were had before the judge of probate of Tallapoosa county for the establishment of a stock law district in said county, which resulted in the establishment of such district. The land of Mrs. A. J. Smith upon which the defendant's stock trespassed was included in this district. The validity of the proceedings to establish the stock law district, and of the election which resulted therein, is questioned by the defendant.   The grounds upon which the establishment of the district is attacked are sufficiently stated in the opinion, as are also the other facts of the case necessary to a full understanding of the decision on the present appeal.

J. A. TERRELL, for appellant.

[Hawthorn v. The State.]

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—The defendant was tried and convicted for allowing his stock to run at large in a prohibited district. He contests the validity of the election which was held by the qualified voters of the beat in Tallapoosa county, in which it was determined by said election, that stock should not be allowed to run at large. The act under which the election was held, was approved February 26, 1887.—Acts, 1886-87, p. 956. That act provides, that whenever thirty respectable freeholders who are householders in any beat in the county, shall petition the judge of probate asking that an election be held in said beat to decide whether stock shall be prohibited from running at large therein, "the probate judge shall order an election in such beat at the usual voting place, which said order shall be published twice in a newspaper published in said county, and shall notify the public that an election will be held in said beat, not less than twenty nor more -than thirty days from such publication, specifying the day of election," etc.

The necessary petition was filed with the judge of probate, and the election was ordered in due form. It was shown by the record, that the order for the election was first published in the "Tallapoosa New Era," a weekly newspaper printed in Dadeville, Alabama, in its issue of the 10th of December, 1891, and the second time, in the issue of said paper, of the 17th of that month, and the election was ordered to be held on the 5th day of January, 1892. If the notice of the election thus ordered to be held, is to date from the 10th of December, the date of its first publication, then more than twenty days had elapsed between that date, and the 5th of January, 1892, the date of the election; but if the notice of such publication is to be computed from the 17th of December, then, only nineteen days' notice was given—less than the number of days required by the statute. The validity of said election is questioned by appellant on this latter ground—the contention being, that the statute required not less than twenty days, nor more than thirty, from the last publication of said notice.

It cannot be disputed, that the first publication was a notice for the holding of the election. It would be a

[Hawthorn v. The State.]

rather strained and illiberal construction of the statute, to hold that the words, "such publication," as therein employed, meant not one, but both publications. The word is singular, and it is of easy inference, that if the legislature designed to rest the validity of any election authorized under said act to be held, on the requirement of more than one publication, they would have employed the word "publications," the plural, instead of "publication," in the singular; or, they would have said, not less than twenty nor more than thirty days from the last publication of said notice. The first publication, as we have said, was a notice, and the evident design, in requiring two insertions of the notice in a paper, was cautionary, that the public should be the more surely and largely notified. The terms of the statute would have been met, if a daily paper had been published in the county, by an insertion of the notice for two consecutive days therein. The requirement is not for a weekly publication. According to the construction contended for, not less than twenty-seven days notice—excluding the first day of publication—instead of twenty would have been required.

The point that the order for the election does not show that one of the two managers appointed for holding the election favored, and the other opposed the law, is without merit. The provision of the statute as to this appointment is directory, not mandatory; and moreover, if it were not, we would presume the judge discharged his duty in this respect, and made the appointment as directed by the statute.

There was no error in striking the plea to the jurisdiction of the court. The fact that the defendant resided in Clay county, did not authorize him to disregard and violate the law. There is nothing in the statute exempting citizens of Clay county from its penal provisions.

The appellant has assigned errors on the transcript, all of which we have disposed of above. There were other exceptions reserved to the admission of evidence, all based, however, as appears, on the alleged invalidity of said election, growing out of the supposed insufficient publication of the notice for holding it. It is unnecessary to notice them.

Affirmed.