# Madison v. The State.

## *Violating Stock Law.*

(Decided June 4, 1914. Rehearing denied June 20, 1914. 65 South. 848.)

1. *Animals; At Large; Indictment.*—To charge the offense prescribed by section 7813, Code 1907, the indictment must allege the name of the owner of the lands trespassed upon.

2. *Same.*—Since stock laws established by election in precincts under sections 5881, et seq., Code 1907, may or may not prohibit all live stock from running at large, and as the court cannot take judicial knowledge of such precincts or districts, an indictment charging a violation of a stock law in any county that contains any stock law precincts, should allege the kind of live stock that were permitted to trespass.

APPEAL from Fayette Circuit Court.

Heard before Hon. BERNARD HARWOOD.

15 CA

[Madison v. The State.]

George Madison was convicted of violating the stock law, and he appeals.   Reversed and remanded.

RAY & COONER, for appellant.   The indictment was subject to the demurrers interposed.—*Robinson v. State,* 100 Ala. 123; *Hill v. State,* 120 Ala. 392; *Mayo v. State,* 89 Ala. 38; 7 Mo. 304; 77 Ky. 161; 83 Ind. 542; 23 Cyc. 216.   By allowing his stock to run at large in Walker county, defendant did not violate any law, the venue of which applied only to Fayette county.—*Vaughn v. Walker,* 133 Ala. 659; *Jones v. Hines,* 157 Ala. 629.

R. C. BRICKELL, Attorney General, T. H. SEAY, Assistant Attorney General, and BEASLEY & WRIGHT, for the State.   There is a field of operation for both the local and the general stock law.—*Comm. Ct. v. Johnson,* 145 Ala. 555.   The indictment was in the form prescribed by section 7813, Code 1907, and was good as against demurrer.—*Jordan v. State,* 5 Ala. App. 229; *Pugh v. State,* 4 Ala. App. 144; *Flowers v. State,* 168 Ala. 146; *Blalock v. State,* 8 Ala. App. 349.

THOMAS, J.—The indictment upon which defendant was convicted charged, in the language of section 7813 of the Code:

"That, before the finding of the indictment, George Madison, being the owner or person in control of live stock prohibited from running at large, did knowingly permit such stock to go upon the lands of another within a stock-law district without the consent of the owner of such lands," etc.

The indictment was demurred to on numerous grounds, all of which were overruled.

We are of opinion that two of these grounds contained merit, being those pointing out the fact that the

indictment failed to allege the name of the owner of the lands trespassed upon and the kind of stock that was permitted to do the trespassing.

No form for charging the offense denounced by the statute that was violated is prescribed by law, and the sufficiency of the indictment here must therefore be tested by the general legal principles pertaining to such matters. Under such principles the indictment, in charging the offense, should, it is true, as contended, follow the language of the statute, or employ words of equivalent import and meaning, but, even where it follows the statute, as it does here, and alleges that defendant "did knowingly permit such stock to go upon the lands of another within a stock-law district without the consent of the owner of such lands," it should go further and allege the name of that other. The general rule is that, where the crime charged consists in a special injury to another by any trespass committed upon his person or property, his name should be alleged, and this is uniformly the practice, even in the statutory forms for indictment in such cases. See section 7161 of the Code and the forms therein for, respectively, altering marks or brands on animals, wantonly and unlawfully killing animals, arson, assaults, burglary, larceny, robbery, selling or removing property covered by a lien, trespass after warning, and like offenses.—See, also, the following cases: *Dorman v. State,* 34 Ala. 216; *Francois v. State,* 20 Ala. 84; *Jones v. State,* 136 Ala. 118, 34 South. 236; *Eskridge v. State,* 25 Ala. 30; *Starr v. State,* 25 Ala. 38; *Agee v. State,* 25 Ala. 67; *Hill v. State,* 78 Ala. 1; *Beall v. State,* 53 Ala. 460; *State v. Pearce,* 7 Ala. 728; *Martha v. State,* 26 Ala. 72; *Martin v. State,* 28 Ala. 71.

The case of *Jordan v. State,* 5 Ala. App. 229, 59 South. 710, which upheld against a similar demurrer an

indictment for the offense denounced by section 1 of Gen. Acts 1909, p. 42, may be distinguished from the present case, in that there is a difference, in respects here material, between the statute upon which that indictment was predicated and the statute upon which the one here is predicated. That statute makes it an offense to permit live stock to "run at large in any stock-law district."—Acts 1909, p. 42. The statute here is not directed, as that one is, against stock being permitted to run at large, but against permitting stock to go upon the lands of another in a stock-law district without the consent of the owner of the lands.—Code, § 7813. The gist of the offense there denounced is permitting live stock to run at large, and the gist of the offense here is permitting them to go on the lands of another without his consent, and we are clear that that other's name should be alleged in the indictment. The cases cited in the case of *Jordan v. State, supra,* will be seen to support our ruling here, when the forms of the indictments, as shown in those cases, respectively, are examined.

The indcitment here should also have alleged the kind of live stock, whether horses, cows, hogs, sheep, or goats, or what, that defendant knowingly permitted to commit the alleged trespass. Our general stock-law statute as found in section 5881 et sequitur of the Code is merely an enabling statute, enabling the courts of county commissioners in the several counties of the state, upon petition of a majority of the freeholders residing in any precinct, to call a stock-law election in such precinct, and, if the vote at such election is favorable to such a law in such precinct, to establish it therein. The law so established may or may not—depending on the wishes of such petitioners as expressed in their petition—prohibit all live stock from running at large, or it may prohibit only certain kinds.—Code, § 5886. The court can-

not take judicial knowledge of these districts so established under the statute mentioned, but the establishment of them has to be proved like any other fact. The court cannot, therefore until such proof, know what live stock the law prohibits from running at large in a particular precinct. Hence we are of opinion that where an indictment, in the form here, for a violation of the stock law is returned in any county that has in it, as here, any stock-law precinct that is established under the general law mentioned, the indictment should allege the kind of live stock that defendant knowingly permitted to commit the trespass, and should not stop with the averment of a mere conclusion, as the one here does, that the live stock were stock that were prohibited from running at large.

Defendant requested the affirmative charge on the theory that the criminal provisions of the law were not applicable to him, since it appeared from the evidence that he was a citizen of Walker county and turned the stock out from his home there, while the trespass by them on land in a stock-law district is alleged to have been committed in Fayette county, the venue of the prosecution. He cites us, in support of his contention, to the cases of *Vaughn v. Walker,* 133 Ala. 659, 31 South. 1038, and *Jones v. Hines,* 157 Ala. 629, 47 South. 739, neither of which determines the exact point. We find, however, that in another case our Supreme Court has determined the exact point, and that contrary to the contention of defendant.—*Hawthorn v. State,* 116 Ala. 490, 22 South. 894.

The other question raised by the record—that is, as to the validity of the action of the commissioners' court of Fayette county in proceeding under the provisions of the general stock law, as found in section 5881 et sequitur of the Code, in establishing a stock-law district

for precinct 20 of the county, where the offense was committed—is, we think, without merit; and, as its lack of merit seems to be conceded by appellant's counsel in their brief, we do not deem it necessary to discuss the question.—*Savage v. Wallace,* 165 Ala. 572, 51 South. 605; *Phillips v. Bynum,* 145 Ala. 549, 39 South. 911; *Commissioners' Court v. Johnson,* 145 Ala. 553, 39 South. 910.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.