(94 South. 776)

**SHOULTS v. STATE.   (2 Div. 251.)**

(Court of Appeals of Alabama.   May 30, 1922.
Rehearing Denied Oct. 24, 1922.)

1. **Chattel mortgages ⬤233 — Condition of mules held not relevant on question of identity.**

In a prosecution for selling personal property with the purpose of hindering persons who had a valid claim thereto under a written instrument, contrary to Code 1907, § 7342, evidence as to whether the mules were able to do certain work or were stiff was not relevant on the question of identity; for, notwithstanding those facts, they still might have been the mules described in the paper creating the lien.

2. **Criminal law ⬤480 — Witness cannot testify as to age of mules without qualifying as an expert.**

A witness should not be permitted to give his opinion as to the age of mules, in a prosecution for selling mules which were subject to a lien, without first qualifying as an expert in that line.

Appeal from Circuit Court, Bibb County; S. F. Hobbs, Judge.

Croft Shoults was convicted on an indictment charging a violation of section 7342 of the Code of 1907, and he appeals. Reversed on mandate of Supreme Court, 208 Ala. 598, 94 South. 777.

The indictment reads:

"The grand jury of said county charge that, before the finding of this indictment, Croft Shoults, alias Croff Shoults, with the purpose of hindering or delaying Abraham Bros. Horse & Mule Company, a partnership composed of Henry Abraham, Edward Abraham, and Albert Abraham, who had a lawful and valid claim thereto, under a written instrument, did sell or remove personal property, consisting of three mules of the value of $700, the said Croft Shoults, alias Croff Shoults, having at the time a knowledge of the existence of such claim, against the peace and dignity of the state of Alabama."

Jerome T. Fuller, of Centreville, for appellant.

There was a distinct variance between the allegations of the indictment and the evidence in the case, and the affirmative charge should have been given for defendant. 121 Ala. 18, 25 South. 725; 105 Ala. 107, 17 South. 123; 200 Ala. 90, 75 South. 466; 52 Ala. 403; 89 South. 396. The indictment could not have been amended without the consent of the defendant; hence rule 34 (175 Ala. xxi) does not apply. Code 1907, §§ 7155, 7156; 75 Ala. 466.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The indictment charged that defendant, with the purpose to hinder or delay Abraham Bros. Horse & Mule Company, a partnership composed of Henry, Edward, and Albert Abraham, who had a lawful and valid claim thereto. etc.

The proof showed without conflict that Abraham Bros. Horse & Mule Company was a partnership composed of Henry, Abe, and Alfred Abraham. Whether this was an inadvertence or oversight we have no way of knowing, but, as it appears, there is an indictment laying the claim in one partnership and proof that it lay in another. The defendant requested the affirmative charge without calling this point specially to the attention of the court, other than by a request for the affirmative charge.

The indictment under the section of the Code here involved must allege the name of the lienholder. Hill v. State, 78 Ala. 1; Madison v. State, 11 Ala. App. 225, 65 South. 848.

In an indictment charging larceny, which is a kindred offense, a variance between the allegations and the proof as to ownership of property is fatal to a conviction. Underwood v. State, 72 Ala. 220. And it has also been held that, where an indictment laid the ownership in three persons, a proof of ownership as to only two would be a variance and fatal. Parmer v. State, 41 Ala. 416. We see no distinction in principle between an indictment charging larceny and the indictment in this case.

But, under sections 7155 and 7156 of the Code, the indictment was amendable, and if the court's attention had been directed to the variance. such amendment would doubtless have been made, or, if the testimony was error, it would have been corrected. Therefore, under circuit court rule 34 (175 Ala. xxi), the court will not for this error be reversed, nor will the court be held to reversible error, because it overruled the defendant's motion to exclude the state's testimony because of a variance, where that objection was not stated to the court at the time of the motion, the motion being insisted on for other and different reasons. Moreover, the variance pointed out does not involve a substantial right of defense, within the meaning of circuit court rule 35 (175 Ala. xxi).

The six written instruments payable to Abraham Bros. Horse & Mule Company and describing the property certainly established a lien or claim on the property described and were relevant.

The letter of April 24, 1919, addressed to the First National Bank of Montgomery, was immaterial and was not admissible in evidence, but we fail to see how its admission could possibly affect the defendant's cause injuriously. The other letters written by defendant and addressed to and received by Abraham Bros. Horse & Mule Company all tended to support the state's case and to impeach the testimony of defendant and were relevant and material.

[1] As to whether the mules were able to log wagons and lumber or whether they were "stiff" was not relevant upon the question of identity. They might have been, and still have been the mules described in the paper creating the lien.

[2] If the age of the mules had been material, which we do not here decide, the witness would not be permitted to give his opinion as to their ages, without first qualifying as an expert in that line.

We find no reversible errors in the record, and the judgment is affirmed.

Affirmed.

PER CURIAM. Reversed and remanded upon the authority of Ex parte Croft Shoults, 208 Ala. 598, 94 South. 777.