21 So.2d 121

## MARCUM v. STATE.

### 6 Div. 32.

Court of Appeals of Alabama.

Feb. 27, 1945.

Tom B. Ward and J. Monroe Ward, both of Tuscaloosa, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

624

BRICKEN, Presiding Judge.

The appeal in this case is from a judgment of conviction pronounced and entered in the circuit court of Tuscaloosa County, in which trial the circuit solicitor filed his complaint, as the law requires, the case having been appealed to the circuit court from the Inferior Court of Tuscaloosa County.

■ In all criminal prosecutions pending on appeal by defendant to the circuit court from an inferior court, the cause is triable de novo, and the circuit court will dispose of the case on the same principles as if the prosecution had begun there. The proceedings and judgment of the inferior court operate only to confer jurisdiction on the circuit court, and are effective for no other purpose.

As stated the trial of this case in the circuit court was based upon the complaint filed by the solicitor, and the first insistence of appellant, here presented, is to the effect that said complaint was insufficient; that it is indefinite, vague and uncertain for several reasons, and to this end the defendant, before entering upon the trial and as an answer thereto interposed demurrers to the complaint upon several separate and distinct grounds.

The complaint filed by the solicitor reads as follows:

## "Complaint

"The State of Alabama, by its Solicitor, complains of Tom Marcum that, within twelve months before the commencement of this prosecution, he did unlawfully and knowingly permit stock in his possession or under his control to run at large in a stock law district wherein stock are prohibited by law to run at large, damaging affiant's crop in the amount of about $15.-00, against the peace and dignity of the State of Alabama."

The State in order to uphold and support the above complaint urges its sufficiency on the grounds that the offense attempted to be charged by the complaint is in the language of the Statute and is therefore sufficient.

■ We cannot accord to such insistence. The statute in question deals specifically with live stock, not mere stock as the complaint alleges. In this the complaint does not follow the language of the Statute as insisted. By reference to Webster's New International Dictionary (2nd Ed.) we find the word "stock" is defined under about one hundred different definitions. The complaint is therefore vague and uncertain as insisted by demurrer and is wholly insufficient. Moreover, in our case of Madison v. State, 11 Ala.App. 225, 65 So. 848, this court, in a similar case to this, held it was necessary to allege, "the kind of stock that was permitted to do the trespassing." Furthermore, as will be noted, the last clause of the solicitor's complaint, reads: "Damaging affiant's crop in the amount of about $15.00." The complaint was signed by the circuit solicitor, there was no affiant thereto and this averment had no place in the complaint.

From what has been said the court erred to a reversal in overruling defendant's demurrers to the complaint.

We have gone further and examined the bill of exceptions in this case, and while there is no necessity to write further, we are free to state from a careful reading of the entire evidence we entertain serious doubt as to the bona fides of this prosecution, and regard the conviction of this appellant as being of very doubtful propriety.

Reversed and remanded.