41 So.2d 440

### LIPSCOMB v. STATE.

8 Div. 747.

Court of Appeals of Alabama.
April 12, 1949.

Rehearing Denied May 10, 1949.

S. A. Lynne, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant has been convicted in the County Court of Morgan County for the offense of permitting livestock to run at large in a stock law district, an offense denounced by Section 95, Title 3, Code of Alabama 1940.

The appeal is here on the record proper, and the only material question involved is the ruling of the lower court on defendant's demurrer to the affidavit filed against him, which demurrer was based on five grounds.

Omitting the formal parts, this affidavit charges that in Morgan County, Alabama, "Leon Lipscomb owning or having in pos-session, custody or control of livestock, unlawfully and knowingly permitted the same to run or be at large in a stock law district or territory wherein livestock·are prohibited by law to run at large, against the peace and dignity," etc.

Comparing the above complaint with that portion of Section 95, Title 3, Code of Alabama 1940, creating the offense denounced in said section, readily shows that the complaint filed in this case virtually paraphrases the code section.

Grounds 1, 2, and 5 of the demurrer challenge the complaint because of uncertainty resulting from the alternative averments contained therein.

As stated in Mastoras v. State, 28 Ala.App. 123, 180 So. 113, 115:

It is permissible under the statutes of this state when offenses are of the same character and subject to the same punishment for a defendant to be charged with the commission of either in the same count in the alternative, and also when the offense may be committed by different means or with different intents, such means or intents may be alleged in the same count in the alternative, as is provided in sections 4544 and 4546 of the Code of 1923 (Now Sections 247 and 249, Title 15, Code of Alabama 1940). When so charged, however, each alternative averment must state a complete offense under the law. Griffin v. State, 22 Ala.App. 369, 115 So. 769; Mays v. State, 89 Ala. 37, 8 So. 28; Hornsby v. State, 94 Ala. 55, 10 So. 522."

It is our opinion that grounds 1, 2, and 5 are without merit.

Ground 3 raises the point that the affidavit does not allege the kind of livestock that was allowed to run at large.

In his brief and argument appellant's able counsel relies on the cases of Madison v. State, 11 Ala.App. 225, 65 So. 848 and Marcum v. State, 31 Ala.App. 623, 21 So.2d 121.

The Madison case, supra, does hold that the kind of livestock running at large must be stated in the indictment. However, the basis of such conclusion was that Section 5881 et sequitur of the Code of 1907 was merely an enabling act, empowering the

courts of county commissioners of the several counties of the State, upon proper petition, to call a stock law election in the precinct from which the petition was filed. Such law, if established by the election might, depending on the terms of the petition, prohibit all livestock from running at large, or it might prohibit only certain kinds from so doing.

Our present statute, Section 90, Title 3, Code of Alabama 1940, is materially different, and makes it unlawful for any livestock or animal to run at large in any county, unless an election is held in said county, as prescribed in Section 90, supra, to determine whether or not cows, yearlings, bulls and oxen may go at large in said county. Nothing in the pleading tends to allege that Morgan County has established itself as an open range county within the limits permitted, and of course such situation, if true, would have to be established like any other fact, as we cannot take judicial notice of such open range counties. For the reasons above stated we conclude that the Madison case, supra, is inapplicable to the point now being considered.

The Marcum case, supra [31 Ala.App. 623, 21 So.2d 122], was reversed by this court because "The statute in question deals specifically with livestock, not mere stock as the complaint alleges. * * * Moreover, in our case of Madison v. State, 11 Ala.App. 225, 65 So. 848, this court, in a similar case to this, held it was necessary to allege, 'the kind of stock that was permitted to do the trespassing.' Furthermore, as will be noted, the last clause of the solicitor's complaint, reads: 'Damaging the affiant's crop in the amount of about $15.00.' The complaint was signed by the circuit solicitor, there was no affiant thereto and this averment had no place in the complaint."

Being clear to the conclusion that the Madison case is not applicable to our present statute, that part of the opinion from the Marcum case, set out above, to the effect that the kind of livestock must be alleged is hereby overruled.

▮ Ground 4 of the demurrer sets up that the affidavit does not aver where the offense occurred.

The affidavit is not defective in this respect. Ground 4 is therefore without merit and no discussion is indicated.

Affirmed.

BRICKEN, P. J., not sitting.