The appellant was tried and convicted under the following one count indictment (omitting formal parts):
 "THE STATE OF ALABAMA } CIRCUIT COURT MORGAN COUNTY } September Term, 1975
 "The Grand Jury of said County charge that before the finding of this indictment Ronald Spencer Young, alias Ron Young, alias Roy Young, alias Spencer Young, whose name is to the Grand Jury otherwise unknown, did unlawfully on to-wit: April 21, 1975, at or near Hartselle, Alabama, obtain or attempt to obtain a quantity of Dilaudid, by fraud, deceit, misrepresentation or subterfuge, or by the concealment of material fact, or by giving a false address, to-wit: Route 2, Lacey's Springs, Alabama, against the peace and dignity of the State of Alabama."
Appellant filed a timely demurrer to this indictment alleging in substance that:
 (1) The indictment fails to state an offense under the law of the State of Alabama;
 (2) The indictment fails to inform the defendant of the nature of the offense of which he is charged; *Page 545 
 (3) The indictment fails to apprise the defendant of the specific offense of which he is called upon to defend.
The trial court overruled the demurrer, and issue was joined on the plea of not guilty. We find error.
 I
Title 15, §§ 247, 248, 249, Code of Alabama, 1940, authorizes alternative or disjunctive averments in criminal pleadings in three instances:
 (1) "When the offense may be committed by different means, or with different intents, such means or intents may be alleged in the same count in the alternative." (§ 247)
 (2) "When an act is criminal, if producing different results, such results may be charged in the same count in the alternative." (§ 248)
 (3) "Where offenses are of the same character, and subject to the same punishment, the defendant may be charged with the commission of either in the same count in the alternative." (§ 249)
Where, however, two or more offenses are charged in the same count disjunctively, "each separate alternative charge mustcontain a substantive offense under the law, charged with thatdegree of certainty which our statute [Title 15, § 232, Code of Alabama, 1940] requires, namely, `in ordinary and conciselanguage, without prolixity or repetition, in such a manner asto enable a person of common understanding to know what isintended, and with that degree of certainty which will enablethe court, on conviction, to pronounce the proper judgment.'"Noble v. State, 59 Ala. 73, 78 [Emphasis Supplied]; SeeMastoras v. State, 28 Ala. App. 123, 180 So. 113; Lipscomb v.State, 34 Ala. App. 421, 41 So.2d 440.
The instant indictment, in one count, contains twelve alternative charges against the appellant, anyone of which if proven would have sustained his conviction. The indictment substantially tracks the language of Title 22, § 258 (47), Code of Alabama, 1940, except the offenses of possessing, selling, giving away, and furnishing a controlled substance were omitted, as were the offenses of obtaining or attempting to obtain a controlled substance by using a false name, or by forging or altering a prescription or written order. To illustrate the scope of this indictment, we list the charges it lodges against the appellant, for we must examine the indictment under the rules of common law as if it contained twelve counts. Hornsby v. State, 94 Ala. 55, 10 So. 522; SeeGayden v. State, 38 Ala. App. 39, 80 So.2d 495, aff'd, 262 Ala. 468, 80 So.2d 501:
 (1) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by fraud;
 (2) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully attempt to obtain Dilaudid by fraud;
 (3) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by deceit;
 (4) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully attempt to obtain Dilaudid by deceit;
 (5) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by misrepresentation;
 (6) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully attempt to obtain Dilaudid by misrepresentation;
 (7) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by subterfuge;
 (8) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully attempt to obtain Dilaudid by subterfuge;
 (9) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by the concealment of a material fact;
 (10) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully *Page 546 
attempt to obtain Dilaudid by the concealment of a material fact;
 (11) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully obtain Dilaudid by use of a false address: Route 2, Lacey's Springs, Alabama;
 (12) That on April 21, 1975, at or near Hartselle, Alabama, the appellant did unlawfully attempt to obtain Dilaudid by use of a false address: Route 2, Lacey's Springs, Alabama;
Under the authority of Gayden v. State, supra, we are of the opinion that alternative charges 1 through 10 above are deficient, for they do not define the offenses intended to be charged with that precision which our law requires. Where an accused is charged with unlawfully obtaining (or attempting to obtain) a drug by fraud, or deceit, or misrepresentation, etc., the facts (time, place, and circumstances) which constitute the alleged crimes must be set out with reasonable particularity.
Justice Simpson, the author of the Supreme Court's majority opinion in Gayden, supra, noted the following:
 "It is but to repeat the axiomatic that due process requires that no person shall be deprived of life, liberty or property without a fair hearing, but one cannot have a fair hearing unless notified of the charges to be defended against. `Fraud,' `misrepresentation' and `concealment of a material fact' and the other crimes charged are vague terms and no civil pleading could stand the test of apt demurrer if a complaint merely averred 'plaintiff claims of defendant $100 for that defendant did take such amount of money from plaintiff by "fraud" or by "misrepresentation" or by "concealment of a material fact" or etc.' Certainly property cannot be of a higher value or entitled to greater protection in the eyes of the law than liberty." [See Rule 9 (b), A.R.C.P., (1977)]
We need not comment on the sufficiency of averments numbers 11 and 12 listed above, because the count, being bad in part, is bad in the whole. Horton v. State, 53 Ala. 488; Griffin v.State, 22 Ala. App. 369, 115 So. 769.
We must be ever mindful that the right of an accused to demand the nature and cause of the accusation is one of the cornerstones of our Bill of Rights; that he fully and intelligently understand the charge against him, so that he may adequately prepare his defense, is the first requirement of due process. Gayden v. State, supra; Bergen v. United States, 8 Cir., 145 F.2d 181.
The appellant's demurrer should have been sustained, and, for the error in failing to do so, the judgment is reversed and the caused is remanded.
REVERSED AND REMANDED.
All the Judges concur. *Page 779