LEIGH M. CLARK, Retired Circuit Judge.
The only issue presented by the parties on appeal is whether the trial court was in error in overruling the demurrer of defendant (this appellant) to the indictment, which charged in pertinent part that he:
“... Did, with intent to defraud, possess or utter a forged instrument as follows: a check, having knowledge that said instrument was forged, and with intent to defraud, in violation of Title 13A-9-6 of the 1975 Code of Alabama ...”
Defendant’s demurrer was as follows: “I. The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he cannot adequately prepare his defense.
“II. The indictment fails to describe the check, to state the location or time of the crime, to state to whom it was uttered, to *1118 state who was intended to be defrauded, and to state the amount intended to be defrauded.
“HI. Defendant is alleged to have committed a fraud. Under a fraud allegation, the facts which constitute the alleged fraud must be set out with reasonable particularity. Young vs. State, 348 So.2d 544 (Ala.Cr.App.1977).”
The defendant had pleaded not guilty to the indictment, but in doing so he had through his attorney reserved the right to file a demurrer to the indictment, which he did soon after the plea of not guilty. The case came on for a hearing of the demurrer, at which defendants’ counsel in the presence of the defendant, argued in favor of the demurrer and State’s attorney argued to the contrary. The trial court overruled the demurrer, and immediately after the ruling, was announced by the court, the following occurred:
“MR. ALLENSTEIN [Defendant’s Attorney]: Your Honor, what we’d like to do at this time with your permission is that we would offer to the Court that we would plead guilty on the charge on the condition that Your Honor allow us to preserve our right to appeal from your decision on the demurrer, and as I understand the law of Alabama, if you specifically give us that right to appeal from that decision we have the right to raise that issue on appeal. If you don’t specifically give us that right we don’t have the right. So, we would offer to plead guilty on the condition that you allow us the right to appeal your decision on the demurrer.
“THE COURT: The Court will grant your request for permission to appeal the decision on the demurrer as to the indictments. Specifically reserve that right to you to appeal on the ruling.
“MR. ALLENSTEIN: Thank you, Judge.
“(Whereupon this concluded the colloquy on the Motion for Demurrer, after which a plea of guilty of the Defendant was taken by the Court).”
On the same day that the above occurred (November 16, 1982), the record shows that the State gave notice to defendant and his counsel that it would proceed against him under the Habitual Felony Offenders Act by reason of two previous felony convictions of defendant, that the trial court adjudged defendant guilty in accordance with his plea of guilty to the indictment in the instant case and proceeded to fix his sentence as follows:
“And on this the 16th day of November, 1982, the said Defendant being now in open Court and being asked by the Court if he has anything to say why the judgment of the Court and the sentence of law should not be pronounced upon him, defendant says nothing. It is therefore ORDERED AND ADJUDGED BY THE COURT and it is the JUDGMENT AND SENTENCE OF THE COURT that the Defendant be imprisoned in the State Penitentiary for a term of fifteen (15) years concurrent with Cases No. 80-863, 80-864, and 80-865 beginning November 16, 1982.”
There is no semblance in the record proper or in the transcript of the proceedings of any determination by the trial court that defendant’s plea of guilty in the instant case was voluntarily, intelligently and understandingly entered, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related cases. However, no point is made by appellant as to the validity of judgment of conviction and sentence.
The sole issue on appeal is self-eontradic-tory. As much as we would like to accede to the desire of both parties to decide whether the indictment was demurrable on the grounds asserted, particularly on the ground that “The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he can not adequately prepare his defense,” we would be thwarted from deciding the question in favor of appellant if the plea of guilty was voluntarily, intelligently and understandingly entered.
The case should be remanded to the trial court with directions that it conduct a hearing on defendant’s guilty plea to determine *1119 whether it was voluntarily, intelligently and understanding^ entered, in accordance with Boykin v. Alabama, supra, and other applicable authorities on the subject.
Upon compliance with these directions, the trial court shall make a return to the order of remandment, with copies thereof to attorneys for the respective parties. Either party aggrieved thereby will have fifteen days within which to file a brief and the opposing party will have ten days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article, (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
Since the opinion and the order remanding this case to the trial court with directions rendered on July 5, 1983, the following have been filed with the Clerk of this Court:
On July 19, 1983, appellee filed an application for rehearing and a supporting brief and argument.
On July 20, 1983, a “SUPPLEMENTAL TRANSCRIPT” was filed pursuant to a motion of appellant and an order of the trial court, both dated July 13, 1983, which supplemental transcript, certified by the court reporter, includes the proceeding at which the defendant’s plea of guilty was considered and determined by the trial court to have been voluntarily, intelligently and understanding^ entered, as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and related cases. On August 3, 1983, appellant filed a “SUPPLEMENTAL BRIEF.”
The supplemental transcript discloses that, during the colloquy among the trial judge, the defendant and the attorneys for the parties, the following, inter alia, occurred:
“THE COURT: You understand that you stand accused in this indictment of this case of the offense of Possession of a Forged Instrument in the Second Degree?
“THE DEFENDANT: Yes, sir.
“THE COURT: Has a copy of the indictment been handed to you or read to you? “THE DEFENDANT: Yes, sir.
“THE COURT: Do you understand the indictment against you?
“THE DEFENDANT: Yes, sir.
[[Image here]]
“THE COURT: On what he has — tell me what you did in this case.
“THE DEFENDANT: I received a check from Dorinda Morris. She give me a check for an amount of money she owed me, which wasn’t the total amount of the check and I went into the Food Giant Grocery Store in East Gadsden and I went to the main — not to the cashier but to the main office there, a little glass box, and spoke with, I think, a Mr. Hoover Cotton. I then presented him with the check and asked him could he cash it and he looked at the check and he said— he said, ‘Yes, this appears right.’ Of course, this is — He okayed the check. I then took the check to the checkout place and then I gave it to him and then he wrote Food Giant and cashed it and gave me the money.
“MR. ALLENSTEIN: I believe — did you give the groceries back to Dorinda and Mike Kimble that you bought?
“THE DEFENDANT: Yeah.
“MR. ALLENSTEIN: They gave you about forty dollars for doing this?
“THE DEFENDANT: Yeah.
“MR. ALLENSTEIN: And they got the rest of the money?
“THE DEFENDANT: Right.
“MR. ALLENSTEIN: All right. Now, the fact that Dorinda Morris and Mike Kimble were involved in this check did *1120 you have reason to believe this was not a good check?
“THE DEFENDANT: Yeah. I had reason to believe it wasn’t good.”
The above-quoted material is sufficient, we think, to demonstrate the incorrectness and invalidity of ground I of defendant’s demurrer to the indictment, which was quoted in our opinion on original submission and which is repeated as follows:
“The indictment is so vague and so general that Defendant does not understand the charge against him and therefore he cannot adequately prepare his defense.”
As stated in our opinion on original submission, it was “particularly” ground I of the demurrer that “thwarted” us “from deciding the question,” in the absence of information by us as to what transpired when the guilty plea was accepted, whether the trial court should have overruled defendant’s demurrer to the indictment. Apart from ground I, neither ground II nor ground III constitutes a valid ground of demurrer to the indictment, in our opinion.
In the conclusion of appellant’s “SUPPLEMENTAL BRIEF,” it is stated:
“The State might argue that Defendant knew what he was charged with as evidenced by the specifics of the guilty plea. Immaterial. Even if the defendant knows what he is charged with, he is entitled to a proper indictment, legally sufficient in every manner.
“ ‘... It is a settled rule that a bill of particulars cannot save an invalid indictment ... ’
“82 S.Ct. 1038 at 1050.
“Defendant has never questioned the guilty plea. He challenges the indictment which as a matter of law is legally insufficient.”
The incomplete citation to the case of the Supreme Court is Russell v. United States, 369 U.S. 749 at page 769, 82 S.Ct. 1038 at 1050, and 8 L.Ed.2d 240, at 254. The sentence immediately before the quoted sentence therein is:
“It is argued that any deficiency in the indictments in these cases could have been cured by bills of particulars.”
The quoted material is inapposite. The basis for our finding that the indictment was not subject to ground I of defendant’s demurrer is not any notion that the indictment was deficient but that the deficiency could have been cured by a bill of particulars or other means of discovery. We are now convinced, as we were inclined to believe on original submission, that the “sole issue on appeal is self-contradictory,” and we now hold that in the light of the supplemental transcript, which we did not have on original submission, that ground I of defendant’s demurrer contained an incorrect allegation which made it invalid and that the other two grounds of demurrer were not valid grounds.
We accept the supplemental record furnished on order of the trial court as if it were a return to the order of remandment. Our determination that the indictment was not subject to the demurrer interposed by defendant renders moot appellee’s application for a rehearing.
The judgment of the trial court should now be affirmed.
REHEARING OVERRULED; AFFIRMED.
All the Judges concur.