# Henderson v. State.

*Indictment for Adultery.*

1. *Prosecution for adultery; identity of party to the offense.*—The object in stating the names of persons connected with the commis-

[Henderson v. The State.]

sion of an offense charged is to enable the jury to identify the crime or person; and when an indictment charges the defendant with living in a state of adultery with a woman designated by a certain name, and the evidence shows that he had committed the offense charged with a woman having a different name, to warrant a conviction the State must prove that the name of the woman with whom he had committed the offense was as alleged in the indictment, or that she was sometimes known or called by that name.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JOHN B. TALLY.

The appellant was tried and convicted under the following indictment: ''The grand jury of said county charge that before the finding of this indictment, Berry Henderson, a man, and Dollie Croffit, a woman, did live together in a state of adultery or fornication, against the peace,'' &c.

On trial of the case, as shown by the bill of exceptions, there was evidence, tending to show that the defendant had been guilty of living in a state of adultery or fornication with a woman, spoken of by the witnesses as Dollie Crawford. The only evidence in reference to the woman being known or called Dollie Croffit is set forth in the opinion.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of the charges as asked: (1.) "The court charges the jury that the indictment charges Berry Henderson with living in adultery with Dollie Croffit; and if the jury believe from the evidence that the woman's name is Crawford, and not Croffit, the jury will find the defendant not guilty." (2.) ''If the jury have reasonable doubt whether the woman's name was Dollie Croffit or Dollie Crawford, they will give the defendant the benefit of such doubt, and acquit him.'' (3.) "If the jury have a reasonable doubt from the evidence whether the woman was known and called by the name of Dollie Croffit or Dollie Crawford, they will find the defendant not guilty.''

J. L. BURNETT, for appellant.—The charges requested by the defendant, which were refused by the court, should have been given, since they recited the question of variance between the allegations of the indictment and the evidence in the case, and submitted to the jury.

[Henderson v. The State.]

the question of fact as to whether there was a variance. *Adams v. State*, 67 Ala. 89.

W. C. FITTS, Attorney-General, for the State.—If one of the persons charged with the offense of adultery is sometimes called by the name charged in the indictment, neither party is entitled to acquittal by showing that the name set out in the indictment is not her true name. Therefore, the charges requested by the defendant were properly refused.—*State v. Glaze*, 9 Ala. 283.

HARALSON, J.—In *The State v. Glaze*, 9 Ala. 283, on a question similar to the one here raised, the court held that the only object in stating the names of persons connected with the offense committed, is to enable the jury to identify the crime or the person; that it is a sufficient description, if it be impossible to mistake the one described for another, and that it is material only to ascertain if the crime charged was committed by the persons named, which being established, "it was unimportant that the one or the other was sometimes known by some other name, if, in point of fact, the one used in the indictment was ever recognized, or applied to the party." The question, therefore, as to the woman, Croffit, with whom the defendant is alleged in the indictment to have committed the adultery, is one, not so much of name, as of identification. If she was ever recognized by the name of "Croffit", or had it applied to her, that was sufficient, if the jury were without reasonable doubt that the offense was committed by the defendant with her, although her real name may have been Crawford.

The only evidence in the transcript relied on to show that the woman was ever known or recognized by the name of Croffit was, that one of the witnesses for the defendant, while testifying, pronounced the name both Croffit and Crawford, but he did not state by which she was known or called, whether by the one or the other, or both, nor to any fact tending to show why he had pronounced her name both ways, nor was he asked for any. This evidence did not tend to show that she was ever known or called by the name of Croffit. The other evidence tends to show, that the defendant committed adultery with Dolly Crawford; but none of the witnesses refer to or speak of her as Dolly Croffit, but all of them

[Purifoy, Auditor, v. Godfrey.]

as Dolly Crawford ; and one of the witnesses for the State and one for the defendant testified that she was known and called by the name of Crawford.

If there had been any evidence tending to show that the woman was ever known or called by the name of Croffit, the two first charges asked by defendant and refused, would have been properly refused, since in that case,—the question not being one of name but of identification,—it would have made no difference what her real name was, but rather how she was recognized or called , and the third charge would have been good, since it correctly hypothesized, that the jury must be convinced beyond reasonable doubt, that she was sometimes known and called Dolly Croffit, as charged in the indictment, before they could convict defendant.   But, as applied to the evidence—there being none tending to show that the woman's name was Croffit, or that she was sometimes known or called by that name—all three of the charges should have been given, as they postulate, when separately considered, that for a conviction, the State should show, either that her name was Croffit, or that she was sometimes known or called by that name.

Sections 4389 and 4390 prescribe the practice in case any person is incorrectly described in the indictment.

Reversed and remanded.