# Steele v. The State.

*Indictment for Burglary.*

1. *Drawing of juries; provisions in reference thereto mandatory; when venire properly quashed.*—The provisions of the act of 1886-87, "to more effectually secure competent and well qualified jurors," (Crim. Code, p. 132, note), relating to the drawing of juries by the jury commissioners of the several counties included in said act, is not merely directory, but mandatory; and venires drawn by the jury commissioners in any other manner or order than that required by the act, should be quashed, and the court should organize special juries under section 4316, of the Code.

2. *Organization of juries; when venire properly quashed.*—When on a motion to quash the venire of petit jurors put upon a defendant in a criminal case, it is shown that when the jury commissioners were about to draw the juries for the term at which defendant was tried, they discovered that there were not enough names remaining in the jury box to make up said juries, whereupon they destroyed the slips of paper on which the names which were then in the box were written and proceeded to fill another box, from which they drew the juries for said term of the court, and that upon this being made to appear, the court quashed the veniries thus drawn and organized the jury put upon the

[Steele v. The State.]

defendant under section 4316, of the Code, the motion of defendant is properly overruled.

APPEAL from the Circuit Court of Greene.

Tried before the Hon. SAMUEL H. SPROTT.

The defendant was indicted, tried and convicted for burglary. The facts pertaining to the only ruling reviewed on the present appeal are sufficiently stated in the opinion.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

McCLELLAN, J.—The only question in this case is whether the trial court erred in overruling defendant's motion to quash the venire of petit jurors before whom the trial was had; and this depends confessedly upon the further inquiry whether the regular veniries drawn by the jury commissioners for the county for that term of the court were properly quashed by the court, the jury put on the defendant having been organized under section 4316 of the Code after quashing said veniries, on the theory that no jury had been legally drawn by said commissioners. This theory was based on the fact that when the jury commissioners were about to draw from the jury box grand and petit juries for the ensuing terms of the court they discovered that there were not enough names remaining in the box to make up said juries, and they thereupon destroyed the slips of paper on which the names which were already in the box were written and proceeded to fill another box. And from this box thus filled before the first box was exhausted, juries for the term were drawn. There can be no doubt that this action of the commissioners was not in compliance with the statute: section 12 of the act of 1886–87, it is clearly contemplated, provided and required that the jury box must be exhausted before the commissioners have any power or authority to fill another box. In this instance the commissioners did not begin and proceed with the drawing until the names then in the box were exhausted; but instead of putting the seventy-five or one hundred names which were in the box on the veniries, and then, if these names were not sufficient, which seems improb-

able, filling another box, and from it completing the drawing, they destroyed the slips of paper on which these names were written and not one of the names went on the veniries as the law required. Under the law as it was in the Code, it may be that such a procedure would not invalidate the drawing because of the influence of section 4314, declaring the Code provisions as to the selection, drawing and summoning of juries merely directory. But the act in question, and which obtained in Greene county when this drawing was had, contains no such provision, but to the contrary, does provide that any commissioner who shall willfully or negligently engage in the drawing of any jury or juror in any other *manner or order* than that by the act required shall be guilty of a crime(§ 14) ; and it has been expressly held that the provisions of this act are not directory merely, but mandatory.—*Wells v. State*, 94 Ala. 1 ; *Johnson v. State*, 102 Ala. 1, 13.. The circuit court, we therefore conclude, properly quashed the veniries thus drawn by the commissioners, and proceeded to organize special juries under section 4316 of the Code ; and defendant's motion to quash a special jury thus organized and put upon him was properly overruled.

Special legislation will be necessary to legalize the jury box now in the custody of the officers of Greene county, or to authorize the preparation and filling of another box.

Affirmed.