Ex parte SHOULTS.

SHOULTS v. STATE.

(2 Div. 806.)

(Supreme Court of Alabama. Dec. 14, 1922.)

1. Liens ⬥14—Indictment for selling property must name persons holding lien.

In an indictment under Code 1907, § 7342, for selling personal property with the purpose of hindering those who had a claim thereto under a written instrument, the name of the person, natural or artificial, in whose favor the lien on the property, exists, must be alleged.

2. Liens ⬥14—Proof as to names of holders of lien must correspond with allegations.

Where an indictment for selling personal property which was subject to a lien alleged that the lien was held by a partnership composed of three named persons, the proof as to the ownership of the lien must conform to that allegation, notwithstanding Code 1907, § 7147, providing that it is sufficient to allege the ownership of partnership or joint property to be in one or more partners or owners.

3. Liens ⬥14—Variance between names of partners as alleged and proof held material.

Where the indictment alleged the partnership owning the lien on the property sold was composed of "Henry A., Edward A., and Albert A.," while the undisputed evidence show-

ed it was composed of "Henry A., Abe A., and Alfred A.," the variance was material.

**4. Liens ⬥14—Indictment for selling property must charge names with particularity of larceny indictment.**

In an indictment under Code 1907, § 7342, for selling or removing property with the purpose of hindering those having a claim thereto under a written instrument, the same particularity as to the averment of ownership of the lien is required as in the allegation of ownership of the property in an indictment for larceny.

**5. Criminal law ⬥1032(7)—Rule requiring variance to be specified does not apply to indictments.**

Rule 34, requiring a variance to be called to the attention of the trial court if the objection can be obviated by amendment, does not apply to a variance between the proof and the allegations of an indictment, since, under Code 1907, §§ 7155, 7156, the court has no right to allow any amendment of the indictment without the consent of the defendant entered of record.

**6. Chattel mortgages ⬥233—Proof of ownership differing from that alleged is failure of proof.**

Proof that the lien on the property sold by accused was owned by persons differing from those alleged in the indictment is not a question of variance merely, but involves the want of necessary proof to sustain a material averment of the indictment.

Somerville and Gardner, JJ., dissenting.

Certiorari to Court of Appeals.

Petition of Croft Shoults for certiorari to the Court of Appeals to review and revise the judgment of affirmance entered by that court in the case of Croft Shoults v. State of Alabama, 94 South. 776. Writ granted.

Jerome T. Fuller, of Centerville, for petitioner.

The indictment, under Code, § 7342, must allege the name of the lienholder. 78 Ala. 1; 11 Ala. App. 225, 65 South. 848. Where averments of an indictment are not properly proven, the affirmative charge should be given for defendant. 73 Ala. 483; 111 Ala. 66, 20 South. 590; 82 Fla. 338, 90 South. 52. Where an indictment alleges the ownership of possession in three persons, proof of ownership as to only two would be fatal. 41 Ala. 416; 111 Ala. 29, 20 South. 612; 55 Ark. 244, 18 S. W. 54; 25 Cyc. 93; 72 Ala. 220. It was not necessary to call the court's attention to the variance, otherwise than by request for the affirmative charge. 200 Ala. 90, 75 South. 466; 179 Ala. 97, 59 South. 597.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MILLER, J. [1] The defendant was tried and convicted on an indictment charging a violation of section 7342 of the Code. It charged him with selling or removing personal property, three mules, with the purpose of hindering or delaying Abraham Bros. Horse & Mule Company, a partnership composed of Henry Abraham, Edward Abraham, and Albert Abraham, who had a lawful and valid claim thereto under a written instrument, etc. Under this section (7342) of the Code, the name of the person, natural or artificial, in whose favor the lien on the property sold or removed exists, must be alleged in the indictment. Hill v. State, 78 Ala. 1.

[2] Section 7147 of the Code provides:

"When any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners."

The indictment averred the name of the holder or owner of the lawful and valid claim on the mules under the written instrument to be "Abraham Bros. Horse & Mule Company, a partnership composed of Henry Abraham, Edward Abraham, and Albert Abraham." The undisputed evidence shows Abraham Bros. Horse & Mule Company was a partnership composed of Henry Abraham, Abe Abraham, and Alfred Abraham. The indictment not only should allege the name of the holder or owner of the lien or claim on the mules, but there should be proof to sustain the averment. The allegation and the proof should correspond. Underwood v. State, 72 Ala. 220; Henderson v. State, 105 Ala. 139, 16 South. 927. In the case of Underwood v. State, Chief Justice Brickell said:

"When the ownership is alleged, a variance between the allegation and the proof entitles the accused to an acquittal, though it will not bar a new indictment describing or averring the ownership properly."

[3] This indictment avers the partnership is composed of three persons, Henry, Edward, and Albert Abraham. The proof shows it was composed of three persons, Henry, Abe and Alfred Abraham. Two of the persons named in the indictment in the partnership are different in name from two of the persons shown by the proof in the partnership. This variance is material, and the proof of the names of the owners of the lien or claim as alleged is necessary. In Parmer v. State, 41 Ala. 418, this court said:

"If the ownership is laid in several persons, as joint owners, it is not sufficient to prove that it is in a less number than charged. * * * The Code provides that ownership may be laid in one of several joint owners; but it does not authorize it to be laid in the name of any number of persons, and a convic-

tion on proof of ownership in any one of them, or in a less number than the whole."

In Walker v. State, 111 Ala. 32, 20 South. 613, this court wrote:

"If the ownership is laid in several persons as joint owners, a joint ownership must be proved; it is not sufficient to prove that it is in a less number than charged."

[4] These were cases where the offenses charged were larceny; but they are kindred offenses to the one charged in this indictment. The punishment in this case is the same as if he had stolen the property. Section 7342, Code. In larceny the name of the owner of the property alleged to have been stolen must have been averred; and in this case the name of the owner of the lien on the property sold or removed must be stated in the indictment. The same particularity as to the averment of ownership is required by the statutes as to each offense. Walker v. State, 111 Ala. 32, 20 South. 612; Hill v. State, 78 Ala. 1; Parmer v. State, 41 Ala. 416.

The defendant requested the court to give the jury the general affirmative charge with hypothesis. It was in writing. It was refused by the court. This was error. The judgment should be reversed, and for which the writ must be granted. It is true when the defendant asked the court to give this charge the attention of the trial court was not called to this variance in the proof and the allegation by a proper objection to the evidence, in accordance with rule 34 (175 Ala. xxi), so an amendment could be made by the trial court to the pleading to cure the error.

[5] Rule 34 has no binding application to the facts of this case. The pleading to be amended here is an indictment. An indictment cannot be amended by a court on application of the state as a matter of right. The court has no right to allow any amendment of the indictment without the consent of the defendant, entered of record. Before an indictment can be amended by the court, the consent of the defendant thereto must be obtained and entered of record by the court. Sections 7155 and 7156, Code 1907; Gregory v. State, 46 Ala. 151; Shiff v. State, 84 Ala. 454, 4 South. 419; Stone v. State, 105 Ala. 60, 17 South. 114.

[6] Then, rule 34 has no material bearing in this case, because this is not a question of variance merely, but involves the want of necessary proof to sustain a material averment in the indictment. There is no proof to sustain that averment in the indictment as to two of the names of the persons composing the partnership. The proof contradicts it. Ferrell v. Ross, 200 Ala. 90, h. n. 6, 75 South. 466; Adler v. Martin, 179 Ala. 97, headnote 9, see pages 111–112, 59 South.

597; Steele v. State, 111 Ala. 32, 20 South. 648.

The writ of certiorari must be granted because the trial court refused to give to the jury that written charge. It is not necessary for us to pass on the other errors insisted on by petitioner.

Writ granted.

·ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

McCLELLAN, J., concurs in conclusion.

SOMERVILLE and GARDNER, JJ., dissent.