PARKS v. STATE. (8 Div. 369.)

(Court of Appeals of Alabama. Nov. 17, 1925.)

1. Robbery ⚙➡1—"Robbery" defined.

"Robbery," at common law, is an offense against both person and property, being the felonious taking of money or goods of value from the person of another, or in his presence, by violence or putting him in fear.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Robbery.]

2. Indictment and information ⚙➡19—Indictment in language of form in Code sufficient to charge offense of robbery.

Indictment in language of the form in Code 1923, p. 492, form No. 96, is sufficient to charge the offense of robbery.

3. Criminal law ⚙➡753(2)—Existence of any evidence, however weak, tending to make out case against party asking affirmative charge, precludes giving of charge.

General affirmative charge should not be given when there is any evidence, however weak and inconclusive it may be, which tends to make out a case against the party who asks it.

4. Indictment and information ⚙➡180—Variance between allegation and proof as to identity of victim of robbery held to require reversal.

Where indictment charging robbery named Wesley Duke as the victim, and the evidence tended to show that J. W. Duke was the victim, variance held reversible error.

5. Names ⚙➡14—Court cannot assume that witness bearing identical surname as alleged victim of robbery, but different Christian name, was one and the same person.

Court could not assume that witness bearing identical surname as alleged victim of robbery, but different Christian name, was one and the same person.

6. Criminal law ⚙➡753(2)—Defendant, as condition to request for affirmative charge, need not, before close of argument, call attention to variance as to name of victim of robbery.

Defendant, as condition to right to request affirmative charge, held not required to call to trial court's attention the variance as to name of victim of robbery before the close of the argument.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Dewey Parks was convicted of robbery, and he appeals. Reversed and remanded.

Steell & Quillin, of Russellville, for appellant.

There was a fatal variance between the allegations of the indictment and the proof as to the person robbed. Ex parte Shoults, 208 Ala. 598, 94 So. 777; Aldridge v. State, 88 Ala. 113, 7 So. 48, 16 Am. St. Rep. 23; Henderson v. State, 105 Ala. 139, 16 So. 927; Stone v. State, 115 Ala. 121, 22 So. 275. Defendant's motion for a new trial should have been granted, there being no evidence to support the verdict of the jury. Rivers v. State, 20 Ala. App. 500, 103 So. 307. Evidence of a conversation had by witness with another, when defendant was not present, was inadmissible. Howard v. State, 17 Ala. App. 464, 86 So. 172. It was not necessary that the variance be called to the attention of the court. Ex parte Shoults, supra.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

It was not error to refuse the affirmative charge. Pellum v. State, 89 Ala. 28, 8 So. 83. The variance, if any, should have been called to the attention of the court. Circuit court rules 34, 35, Code 1923, vol. 4, pp. 906, 907; Finley v. State, 7 Ala. App. 161, 62 So. 265.

BRICKEN, P. J. The only statute on the subject of robbery in this state is section 5460 of the Code of 1923, which merely prescribes the punishment for the commission of this common-law offense. In other words, there is no statutory robbery in Alabama.

[1] Robbery, at common law, is an offense against both person and property, and is briefly defined as the felonious taking of money, or goods of value, from the person of another, or in his presence, by violence or putting him in fear.

[2] The form in Code 1923, p. 492 (form 96), is sufficient to charge the offense of robbery. In the indictment in the instant case this form was literally followed; therefore the demurrers interposed by defendant were properly overruled. The indictment contained with certainty and precision all the ingredients of the offense of robbery, the facts, circumstances, and intent concerning it, and also met the required rule by being certain as to the person against whom the offense was committed; the injured party being named in the indictment by his Christian name and by his surname, to wit, "Wesley Duke."

Pending this trial, numerous rulings of the court were invoked, and in many instances exceptions were duly reserved in this connection. It is here earnestly insisted that this defendant was entitled to the general affirmative charge: (1) Because of the insufficiency of the evidence to connect him with the commission of the alleged offense; (2) because of failure of proof to sustain material averments of the indictment.

[3] As to the first proposition above stated: (1) We are not prepared to hold that there was no evidence which tended to connect this defendant with the alleged offense. As we understand, the theory of the state, as shown by this record, was that the actual robbery of the alleged injured party, Wesley Duke, was committed by one Jesse Jones, and that this appellant was an accomplice. It cannot be doubted that, so far as the evidence adduced upon the trial which relates to this appellant only, as to the commission of the offense, it would not be sufficient to carry the case to the jury; but when taken as a whole, and in connection with the aforesaid Jesse Jones, the activities of both of these parties, as shown, would require its submission to the jury for its determination, for the rule is the general charge should never be given when there is any evidence, however weak and inconclusive it may be, which tends to make out a case against the party who asks it. This rule, of course, in no manner modifies or alters the settled rule as to the measure of proof necessary to a conviction in all criminal cases; that of reasonable doubt, etc.

[4] We are of the opinion, however, that the insistence (2) as to the refusal of the general charge is well taken, and that the court committed error in this connection, for this reason: There is a total lack of evidence to sustain the material averment that "Wesley Duke," the alleged injured party, was the person assailed and robbed. As stated, the name of the person alleged to have been assailed, as laid in the indictment is "Wesley" Duke. This is a material averment and element of the burden of proof resting upon the state as to the identity of the offense. Morningstar v. State, 52 Ala. 405; Nugent v. State, 19 Ala. 540; McCaig v. State, 16 Ala. App. 581, 80 So. 155. It being a material averment and an essential ingredient of the offense, it was incumbent upon the state to adduce proof to sustain it (Shoults v. State, 19 Ala. App. 19, 94 So. 777), and this was not done. A careful reading of the entire transcript fails to disclose that the name of "Wesley" Duke was at any time or by any witness mentioned in the evidence. If the state witness "J. W." Duke and "Wesley" Duke is one and the same person, proof to that effect should have been made. Shoults Case, supra.

[5, 6] The court below, and this court, are without authority to assume that J. W. Duke, the state witness introduced upon this trial, and Wesley Duke, the alleged injured party named in the indictment, are one and the same person. This question involves a substantive right of defense; therefore the defendant was under no duty, when requesting the affirmative charge, to bring this failure of proof of this material and essential averment to the attention of the court before the conclu-

sion of the argument of counsel. Thompson v. State, 48 Ala. 165, 171. In the case of Morningstar v. State, supra, Chief Justice Brickell, for the court, said:

"When an injury to the person or property of another is the offense charged, a material averment of the indictment is the identity of such person. If the name of such person is stated, a variance between the allegation and proof as to such name is fatal."
"The allegation and proof must correspond." Stone v. State, 115 Ala. 121, 22 So. 275.

See, also, Henderson v. State, 105 Ala. 139, 16 So. 927; Aldridge et al. v. State, 88 Ala. 113. 7 So. 48, 16 Am. St. Rep. 23; Shoults v. State, supra.

There was error in admitting, over the objection and exception of defendant, the conversation between state witness Andrew Carden and Jesse Jones. Pretermitting the relevancy of this conversation, the state failed to make sufficient proof in connection therewith to render such conversation binding upon defendant.

Other questions are presented, but need not be discussed. For the errors indicated, the judgment of conviction in the lower court, from which this appeal was taken, is reversed, and the cause remanded.

Reversed and remanded.