(114 So. 788)

MAY v. STATE. (4 Div. 353.)

Court of Appeals of Alabama. Dec. 20, 1927.

Frank S. Andress, of Birmingham, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

No briefs reached the Reporter.

BRICKEN, P. J. The indictment in this case contained three counts. Count 1 charged the defendant with grand larceny, the specific charge being that he feloniously took and carried away $47.50 in lawful money, the personal property of F. W. McMurry. Count 2 charged the embezzlement of said money by defendant from F. W. McMurry. Count 3 charged in effect the taking from the person of said F. W. McMurry the money aforesaid by defendant and converting it to his own use, etc. The jury returned a verdict finding the defendant guilty under count 2 of the indictment.

No objection to the indictment by demurrer or otherwise was interposed, but essential to a conviction thereunder it was necessary to adduce sufficient proof, under the required rules, to sustain the material averments contained in the indictment. In other words, it was incumbent upon the state to prove that the money in question was stolen or embezzled from F. W. McMurry, the alleged injured party, and that said act was committed by the accused named in the indictment, and that the crime was committed within the time covered by the indictment, in Russell county, Ala., or within a quarter of a mile from the boundary line thereof.

As stated, it is alleged in the indictment that the money was unlawfully taken or stolen from F. W. McMurry. This is a material averment and an element of the burden of proof resting upon the state as to the identity of the offense. Morningstar v. State, 52 Ala. 405; Nugent v. State, 19 Ala. 540; McCaig v. State, 16 Ala. App. 581, 80 So. 155. It being a material averment and an essential ingredient of the offense, it was incumbent upon the state to adduce proof to sustain it (Shoults v. State, 19 Ala. App. 19, 94 So. 776), and in this case this was not done. Nowhere in the entire record (except in the indictment itself) does the name of F. W. McMurry appear. At no time of the trial was such a name mentioned, nor was any witness by that name introduced upon the trial of this case. A witness by the name of McMurrain was introduced and testified, and throughout the trial the name of McMurrain appears frequently, and it is evident, from the record, if any offense was committed, it was against one McMurrain and not against F. W. McMurry, as alleged in the indictment. Thus a fatal variance is apparent between the allegation in the indictment and the proof adduced upon the trial of this case, and under this status the defendant was entitled to an acquittal. The allegation and proof must correspond. Stone v. State, 115 Ala. 121, 22 So. 275.

By no stretch of imagination could this court, or the court below, hold that McMurry and McMurrain are the same name and refer to the same party. Such similarity of names, if any exists here, does not bring these names within the rule of idem sonans. Other questions are presented; but what has been said hereinabove is conclusive of this appeal, and these questions need not be considered. Authorities, supra. Henderson v. State, 105 Ala. 139, 16 So. 927; Aldridge v. State, 88 Ala. 113, 7 So. 48, 16 Am. St. Rep. 23; Parks v. State, 21 Ala. App. 177, 106 So. 218.

Reversed and remanded.