(126 So. 418)

## McCLENDON v. STATE.
## 7 Div. 617.

Court of Appeals of Alabama.
Feb. 18, 1930.

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

The judgment of conviction from which this appeal was taken is rested upon the second count of the indictment, which charged this appellant with grand larceny from the dwelling house of one Charlie *Paye* alias C. T. Pate.

By the undisputed evidence it was shown that certain articles of clothing, bedclothes, and other articles, were stolen from the dwelling house of one Charlie *Pate* on Christmas night, 1927.

After a careful consideration of the entire record in this case, we reach the conclusion that the reasonable probabilities of defendant's innocence are far too numerous to permit the judgment of conviction as rendered in this case to stand. We are of the opinion that the state failed to meet the burden of proof necessary to a conviction.

We think there was error in allowing in evidence, over the objection and exception of defendant, the purported conversations between the state witnesses and other parties which tended to incriminate this defendant and not in his presence or hearing. The state failed to make sufficient proof in connection with these conversations to render them binding upon the defendant.

Moreover, there is a fatal variance between the material allegation as to the ownership of the property alleged to have been stolen, and the proof adduced on this question.

When an injury to the person or the property of another is the offense charged, a material averment of the indictment is the identity of such person. If the name of such person is stated, a variance between the allegation and proof as to such name is fatal. The allegation and proof must correspond. Parks v. State, 21 Ala. App. 177, 106 So. 218.

Here, as stated, the name of the alleged injured party is averred in the second count of the indictment, and upon this count the conviction rested; is averred as "Charlie Paye alias C. T. Pate." The only proof as to the ownership of the alleged stolen property was by the first state witness, Mrs. Charlie Pate, who testified: "I am the wife of Charlie Pate, the lumberjack, belongs to my husband, and the dresses belong to me." This court cannot judicially know that Charlie Pate, the owner of the lumberjack, and Charlie Paye, named in the indictment, are one and the same person. Nor can we judicially say in the entire

absence of any proof that alias C. T. Pate averred in the indictment, and Charlie Pate, are one and the same person. There was no evidence whatever as to "alias C. T. Pate" adduced upon this trial. The variance upon this material matter was fatal and entitled the defendant to the affirmative charge which was requested in writing. Parks v. State, supra.

■ In this case the state relied for a conviction upon certain testimony which it was insisted tended to show the accused in possession of certain articles of property alleged to have been recently stolen.

In White v. State, 72 Ala. 195, on this question the Supreme Court said:

"It is not every or any possession of stolen goods by a party, which will authorize the inference of his complicity in the crime of larceny or burglary; nor, in fact, every such unexplained possession, although it may be exclusive, as opposed to the idea of a joint possession with others. Another element is necessary in order to constitute a guilty possession. It must be recent, or soon after the commission of the offense to which it has reference. * * *

"What is meant by 'recent,' is incapable of exact or precise definition, and the term has been said to vary, 'within a certain range, with the conditions of each particular case.' * * * There are cases, no doubt, so clear in nature, and undisputed in facts, as that the court could pronounce the possession recent, as matter of law; but the question is usually one of fact for the determination of the jury."

"Possession of stolen goods by the accused, even though unexplained and exclusive, does not authorize the inference of his complicity in the larceny or burglary charged, unless it is also recent, or soon after the commission of the offense." White's Case, supra.

Reversed and remanded.