(129 So. 717)

## ROBINSON v. STATE.

### 8 Div. 858.

Court of Appeals of Alabama.
March 4, 1930.

Rehearing Granted Aug. 19, 1930.

30

S. A. Lynne, of Decatur, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense known as "Obtaining Property by false pretenses." The value of the goods obtained being more than $25, he was punished as for grand larceny. Code 1923, §§ 4131, 4905.

The indictment followed the form prescribed by the Code (Code 1923, § 4556, form 58), and was sufficient as against demurrer (Code 1923, § 4527).

It appearing that there was *no record* of appellant's employment at the shops of the Louisville & Nashville Railroad Company, during the time inquired about, allowing the witness Maury, the chief clerk, "in charge of the entire department" to so testify, did not violate any rule of evidence. United Order of the Golden Cross v. Hooser, 160 Ala. 334, 49 So. 354.

We have searched the record diligently for prejudicial error, but, finding none, the judgment must be, and is, affirmed.

Affirmed.

### On Rehearing.

PER CURIAM.

The indictment in this case charged, essentially, that appellant "did falsely pretend to G. P. Irwin, with intent to defraud, that he was an employee of the Louisville & Nashville Railroad Company * * * and had two weeks wages due him by the Louisville & Nashville Railroad Company and by means of such false pretense obtained," etc. (describing the goods, etc.).

The evidence, in its strongest aspect for the state, on the question of how the goods were obtained, was as follows: "The defendant said he would give me Speake, Warren & Ratliff as a recommendation, as to his ability to pay. This was before I let him have the clothes, and I did call them up, and they did give me a recommendation as to Jesse Robinson being good pay, and upon that I let Jesse Robinson, Jr., have the suit."

Upon reconsideration, we are of the opinion that a fatal variance is thus shown between the allegation in the indictment and the proof adduced upon the trial of this case. In such condition, the general affirmative charge, in his favor, duly requested by appellant, should have been given, and, for the error in its refusal, the application for rehearing is granted, the judgment of affirmance heretofore rendered set aside, the judgment of conviction reversed, and the cause remanded. May v. State, 22 Ala. App. 278, 114 So. 788.

Application granted. Judgment of affirmance set aside. Judgment of conviction reversed, and the cause remanded.