(134 So. 897)

## ARMSTRONG v. STATE.

### 3 Div. 677.

Court of Appeals of Alabama.

May 26, 1931.

Powell & Hamilton, of Greenville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of burglary. Code 1923, § 3479.

It was alleged in the indictment under which he was tried that the building burglarized was that of "Robert Jackson." Code 1923, § 4556, form 27.

Nowhere in the testimony given on the trial does the name of "Robert Jackson" appear; rather, the person whose building was the subject of the burglary is described in said testimony only as "R. P. Jackson."

It may be, as the learned Mr. Justice Gardner remarked of a question similar to that here apparent, i. e. whether or not there was a variance between the allegations in the indictment, and the proof offered on the trial, as to the name of the person in possession of the building alleged to have been burglarized, that we can "gather from the record that the question here insisted upon arises merely from a failure by the state to show, due to mere oversight, that the initials referred to by the witnesses in speaking of deceased [the owner of the burglarized property, here] were the initials of his given name as stated in the indictment." See opinion in Roberson v. State, 217 Ala. 696, 117 So. 412, 415.

But as the Supreme Court in the said opinion in the Roberson Case did not see fit to do more than speak rather slightingly of the insistence as to the variance, etc., referred to, without overruling or altering in any way the holding in any of the several cases cited to it, in that connection, by the appellant, we do not see how we are to escape ordering a reversal of the judgment of conviction in this case.

The decisions of the Supreme Court control us (Code 1923, § 7318), and we cannot say that Circuit Court Rule 34 (Code 1923, vol. 4, p. 906) applies, Ex parte Shoults, 208 Ala. 598, 94 So. 777, so, under that authority, and that of Parks v. State, 21 Ala. 177, 106 So. 218, we are bound to hold, and do, that, for the refusal to give the general affirmative charge, duly requested in writing, in appellant's favor,

as for a variance, etc., between the allegata and probata, with reference to the name of person in possession of the burglarized building, the judgment of conviction is reversed, and the cause remanded.

**Reversed and remanded.**