(135 So. 415)

## MESSER v. STATE.

## 8 Div. 405.

Court of Appeals of Alabama.
June 16, 1931.

Travis Williams, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

RICE, J.

Conviction for the offense of assault with intent to murder. Code 1923, § 3303.

We have recently dealt with the principal question apparent on this record, in the case of Eddie Brown Armstrong v. State, ante, p. 334, 134 So. 897.

From a perusal of what we had to say in the opinion in the case just cited, together with an examination of the authorities upon which we therein relied, it should be clear that we have no option but to reverse the judgment of conviction in this case, as for the refusal to give at appellant's request the general affirmative charge in his favor. Code 1923, § 7318.

This, because of a variance between the name of "J. U. Shamblin," alleged in the indictment as being that of the person upon whom the assault was committed, and that of "G. W. Shamblin," shown by the evidence to be that of the man actually assaulted, with nothing in the evidence to indicate that the

two names mentioned denoted one and the same man. Eddie Brown Armstrong v. State, supra.

Our decision, if technical, seems compulsory (Code 1923, § 7318, supra), though we might say in its defense that any other would, obviously, lead to costly confusion. If the variance here alluded to were to be held inconsequential, it might as well be said that a similar variance, as from "Jones" to "Smith," was likewise no vitiating defect in the judgment of conviction in such a case. And none would contend that a variance, as this last, should not operate to reverse the judgment.

Inasmuch as the case must be retried, we might add that while the trial court, from his own remarks, appeared familiar with the rules of evidence having application to the testimony, yet too much laxity was permitted in the matter of admitting same.

The said learned court apparently went on the theory that so long as irrelevant testimony was freely allowed, to offset other irrelevant testimony, neither the state nor the appellant ought to complain. But we recommend that, on another trial, the above referred to rules be more closely adhered to.

Likewise, we suggest that it is proper, in such a case, that the jury be instructed that it is within their province to, if the evidence warrants, find appellant guilty of any degree of crime which might be included in the indictment—this, of course, without intimating that in our opinion the said evidence does or does not support the charge of any offense whatsoever.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.