89 So.2d 92

Ex parte **TEXTILE WORKERS UNION OF AMERICA, CIO, et al.**

In re **LINCOLN MILLS OF ALABAMA et al.**

v.

**TEXTILE WORKERS UNION OF AMERICA, CIO, LOCAL NO. 230, et al.**

8 Div. 825.

Supreme Court of Alabama.

June 21, 1956.

Rehearing Denied Aug. 2, 1956.

Cooper, Mitch & Black, Birmingham, and Earl E. Cloud, Huntsville, for petitioners.

Bell, Morring & Richardson, Huntsville, for respondents.

MERRILL, Justice.

This petition for writ of certiorari seeks review of a decree of the Circuit Court of Madison County, in Equity, which adjudged the petitioners in contempt for violating the terms of a temporary restraining order.

Petitioners were tried under a rule to show cause which issued after complainants filed a verified petition for a rule to show cause, charging:

"That the respondents Textile Workers Union of America-CIO, Local Number 230, an unincorporated labor organization, J. D. Brooks, individually, and as President of said Textile Workers Union of America-CIO, Local Number 230, and Amy Crane and Glen Crane have wilfully violated said temporary restraining order in that they joined a mob at the main gate of Lincoln Mill on to-wit; Aug. 2d, 1955, threatened to overturn the automobile of John Hill in which Mrs. Willie Hill, an employee of said mill was riding, and attempting to report for work and that said Amy Crane while holding a bottle in her hand opened the door of said automobile and threatened the occupants of the automobile as aforesaid if they attempted to get out of said automobile."

The temporary restraining order to which these charges refer was issued by the Chief Justice of this court on July 27, 1955, and provided, as here pertinent:

"1. That the respondents and each of them be, and they hereby are, restrained and ordered from assembling around and about the plant of the complainant, Lincoln Mills of Alabama, in masse.

"2. That the respondents, and each of them, are hereby ordered to re-

frain from maintaining more than three pickets at each entrance to the plant of the complainant, Lincoln Mills of Alabama, Inc.

"3. That the respondents, and each of them are hereby restrained and ordered to refrain from standing fixed while engaged in the picketing of the plant of said Lincoln Mills of Alabama, and they are specifically ordered to remain in motion while picketing the said premises.

"4. The respondents, and each of them, are hereby restrained from, and ordered to refrain from, blocking or otherwise obstructing any entrance or exit to or from the premises of Lincoln Mills of Alabama.

"5. Respondents, and each of them, are hereby restrained from and ordered to refrain from exercising any physical restraint, coercing, intimidation, or force preventing free ingress and egress to and from the plant of the complainant, Lincoln Mills of Alabama."

The trial judge heard the evidence ore tenus and without making a finding of facts rendered a decree holding "* * * that each of the respondents * * * is hereby adjudged in contempt of court for the willful violation of the terms of said restraining order heretofore issued." The Union and Amy Crane were each assessed with a $50 fine to be paid to the Register for the use and benefit of Madison County. J. D. Brooks was sentenced to three days confinement and Glen Crane to two days confinement in the county jail.

This is a companion case to Ex parte Seymore, 89 So.2d 83,[1] and appellants raise three questions identical in that case and the instant case. These questions are treated in paragraphs numbered I, II and III in the Seymore case and our discussion there will not be duplicated here.

A further contention of the petitioners is that the decree was based on a "gross misconstruction" of the meaning of certain corrections made by the Chief Justice on the original typed copy of the temporary restraining order issued by this court. This contention has reference to the fact that in the order as originally typed the word "premises" appeared in paragraph one thereof but was changed by the Chief Justice to read "plant." It is contended that the use of the word "plant" instead of the word "premises" was intended to restrict the operation of the provisions of the restraining order to the immediate vicinity of a wire mesh fence surrounding Lincoln Mill; thus, the evidence adduced, showing that the petitioners at the time of the alleged violation of the restraining order were at a point some 250 feet away from the gate, does not support a finding that the petitioners have violated any terms of the restraining order.

We recall that the alteration above referred to was made by the Chief Justice at the request of counsel for both sides on the grounds that many members of the Union live on property belonging and adjacent to Lincoln Mills, and to leave the word "premises" in the restraining order could have been construed as prohibiting these members from meeting or assembling at their individual homes.

■ We see no useful object to be attained by a technical differentiation here between the meaning of the words "premises" and "plant." The use of the word "plant" in the phrase "around and about the plant" (paragraph one of the temporary restraining order, supra) was logically intended to include the area here in question.

According to the evidence the alleged violation took place on a driveway on company property leading to the mill. This driveway intersected Meridian Street on the east side and Lincoln Mill gate was approximately 250 feet east of this in-

1. Post, p. 689.

tersection. Employees of the mill customarily used this driveway in entering or leaving the mill, whether on foot or by vehicle.

 The evidence further discloses that upon the issuance of the temporary restraining order the activities of petitioners were transferred from a point just outside the Lincoln Mill gate to the point above described. It is contended that such a transfer evidenced an intention to comply with the terms of the restraining order. We fail to see how the intimidation which might be exerted upon non-striking workers attempting to enter the Mill by means of the driveway would be lessened by a mere transfer of activities from one point on that driveway to another point thereon some 250 feet away. In 43 C.J.S., Injunctions, § 264 a, page 1016, it is stated:

"While the party restrained must do something which constitutes a violation of the letter or spirit of the injunction, injunction orders must be honestly and fairly obeyed, and the violation of the spirit of an injunction, even though its strict letter may not have been disregarded, is a breach of the mandate of the court, which will not allow its process to be disregarded or evaded on merely technical grounds. No scheme or subterfuge, however artfully designed to disguise its real nature and purpose, will be allowed to succeed if it constitutes in effect a substantial violation of the injunction. One who violates the letter of an injunction in reliance on his judgment that he does not violate its spirit acts at his peril, for, as shown infra § 267, good faith or the absence of an intention to violate the injunction is generally considered no defense in a contempt proceeding. He cannot set up his opinion as to the meaning of the injunction against the court's opinion, and, if he has any doubt as to what he may do without violating the injunction, he should ask a modification of the injunction or a construction of its terms."

See also 28 Am.Jur., Injunctions, § 333, page 507; Ex parte Miller, 129 Ala. 130, 30 So. 611.

 Petitioners further contend that there is a material variance between the charge that they "joined a mob at the main gate of Lincoln Mill" and the proof offered which showed that they joined a crowd assembled approximately 250 feet down the driveway from said gate. They admit that no objection was interposed making the point as to variance as required by Rule 34, Rules of the Circuit and Inferior Courts, Title 7, Appendix, Code 1940, but it is urged that Rule 34 does not apply to a variance between the indictment and proof, citing Ex parte Shoults, 208 Ala. 598, 94 So. 777; Armstrong v. State, 24 Ala.App. 334, 134 So. 897. From this premise, it is argued that Rule 34 does not apply to a variance in a petition for rule to show cause and the proof offered in a constructive criminal contempt proceeding, because the regular rules of practice in criminal cases must be followed as closely as possible. Assuming that there was a variance, there could be no reversal of the decree on that ground under Rule 34. Ex parte Evett, post p. 675, 89 So.2d 88.

 While we do not hold that a material variance is shown to exist in the instant case, we do hold that the verified petition was sufficient to advise the respondents of the charges and what they were called upon to defend; and the citation and the proceedings held thereunder gave them a reasonable opportunity to meet them. Ex parte Seymore, supra; Hunter v. State, 251 Ala. 11, 37 So.2d 276. We do not agree with the contention that a petition for a rule to show cause in a contempt proceeding must conform with technical accuracy in either the form or the particularity that is required of indictments.

**660**

The decree of the lower court is due to be affirmed and it is so ordered.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.