257 So.2d 119

**Willie Earl ELLIS, alias**

v.

**STATE.**

**7 Div. 117.**

Court of Criminal Appeals of Alabama.

Jan. 11, 1972.

Gus Colvin, Jr., Anniston, for appellant.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

CATES, Judge.

Grand larceny: sentence, two years in the penitentiary.

Two police officers of the City of Piedmont arrested Ellis as he stepped through the shattered pane of the front door of the Piedmont Hardware Company on the night of November 7, 1970. Ellis was holding four boxes each containing a pistol taken from the store.

The sole owner of the store was Charles C. Miller who in testimony stated, "My occupation is store owner, and farmer, and some other businesses." J. B. Wade was the manager of the store. Wade kept the firearms register. However, under the evidence it does not seem that Wade's duties and responsibilities excluded Miller from participating in the operation of the business.

Moreover, the police arrested Ellis at 10 p. m. on a Saturday night when neither Wade nor Miller were keeping store.

The indictment in Count Two (under which Ellis stands convicted) alleged that the stolen pistols were the property of Piedmont Hardware Company. The defendant moved to exclude the State's evidence on the ground of a material variance between allegata and probata.

The defendant did not demur on account of "Piedmont Hardware Company" without further qualification failing to describe an entity known to the law. Moreover, whether "Company" is always confined to a partnership is doubtful. Thus, in Birmingham Loan and Auction Co. v. First Nat. Bank of Anniston, 100 Ala. 249, 13 So. 945, we find:

"The name of 'Birmingham Loan & Auction Company' fairly imports a partnership. * * *

"The proof showed that S. Kaufman, during the time covered by the garnishment writ, did business under that name. The name of a firm or partnership ordinarily implies more than one person, but still the name under which one person does business is arbitrary, and if he uses a name that implies a partnership the reputed firm may be sued under such name; and execution on the judgment obtained will run against the partnership in name, leviable only on its property, being in the nature of a proceeding *in rem*, and not *in personam.*"

The ownership of property stolen is properly laid in the person in possession whether he have an indefeasible title, conditional ownership or bailment. The purpose of naming such an owner is to (1) inform the defendant as to which goods he is accused of taking, (2) show the person who in law could have consented to the defendant's asportation (and impliedly, did not consent), and (3) obviate a second prosecution for the same offense.

Under the evidence outlined above in Wade's absence, Miller, as proprietor, was at least one of two possessors. Thus we consider Judge Carr's caveat in Lowe v. State, 32 Ala.App. 176, 22 So.2d 618 was complied with; there we find:

"* * * We do not want to be here misunderstood as holding that in a prosecution for burglary the property must be laid in the owner and not the possessor. Hargett et al. v. State, supra [18 Ala.

App. 616, 93 So. 207]; Hale v. State, 122 Ala. 85, 26 So. 236."

See also Edwards v. State, 45 Ala.App. 136, 227 So.2d 134, a false pretense case.

Armstrong v. State, 24 Ala.App. 334, 134 So. 897, involved an indictment averring Robert Jackson as owner: the proof showed only R. P. Jackson. Messer v. State, 24 Ala.App. 360, 135 So. 415, alleged J. U. Shamblin, the proof was of "G.W." No presumption is indulged to make "R." and "G.W." synonymous with "Robert" and "J.U." respectively.

We distinguished *Armstrong*, supra. In the instant case we find no material variance. Piedmont Hardware Company was but nom commercant used by Miller so that for all intents and purposes it and Miller were one and the same as far as Ellis's crime was concerned.

The judgment below is due to be

Affirmed.

PRICE, P. J., and ALMON, J., concur.